## No. 133.

### THE STATE OF LOUISIANA vs. JULIUS ROBINSON.

Non-arraignment, that would have been fatal to the legality of the verdict and sentence, does not exist where, after discovery that the defendant had not been arraigned, he waives arraignment and the trial begins *de novo*, and the jury are re-sworn.

Objection to the form of the jurors' oath must be made when it is administered, and cannot be made the basis of a motion for a new trial.

APPEAL from the First District Court, Parish of Caddo. *Taylor,* J.

*M. S. Crain,* District Attorney, for the State, Appellee.

*Alexander & Blanchard* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. The defendant was convicted of obtaining money under false pretences, and was sentenced to hard labor for one year.

A bill of exception was taken to an alleged want of arraignment. It appears the preliminary stages of the trial had been gone through—the jury had been completed after challenges by both sides, and the indictment had been read to them—in other words, the State had opened its case—when it was discovered that the prisoner had not been arraigned. The judge at once arrested the proceedings and ordered the arraignment of the accused, whereupon his counsel waived it but waived nothing else, by which we understand them to mean that they were to be considered at liberty to take advantage of the previous non-arraignment. This being done, the judge began *de novo,* the jurors were sworn again, but the indictment was not read again, and the trial proceeded.

We shall treat the waiver as the counsel seem to wish, leaving the defendant at full liberty to object to its previous admission. But what has he to complain of? The want of arraignment, which would have been fatal to the regularity of the trial, no longer existed. A plea was entered. The judge even took the precaution to have the jurors re-sworn. They had already heard the indictment read. It was not

needful, nay it would have been superfluous, to have read it again. The waiver took the place of an actual arraignment, and even if it did not operate as an estoppel, 1 Bish. Cr. Prac. § 117, the irregularity was cured, or regularity was restored by the judge commencing *de novo*, and going over anew what had already been done.

Adhering to the strictest technicalities would not justify interference with a verdict thus rendered.

The only other objection is presented in a motion for a new trial, of which the sole ground is an alleged insufficiency of the oath administered to the jurors in this, that it did not contain the words " according to law" at its conclusion, but only " according to the evidence."

If the contention could for a moment prevail, that the Constitutional provision of 1879, art. 168, made necessary the alteration of the form of a juror's oath, when the brief of counsel asserts that " juries in this State have always been judges of the law as well as the facts," and hence their functions now are just what they have always been, and therefore the oath that was sufficient before must be sufficient now, the objection if good comes too late. It cannot be made in a motion for a new trial, but must be at the time the oath is administered. No objection was made when the oath was first administered, and none when the jurors were re-sworn.

Judgment affirmed.