## No. 11,929.

### STATE OF LOUISIANA VS. WILLIAM AND JEAN BAPTISTE CHEVIS.

| 48 | 575 |
|----|-----|
| 50 | 114? |

| 48 | 575 |
|----|-----|
| 104 | 446 |

| 48 | 575 |
|----|-----|
| 113 | 652 |

The disqualification of a juror can not be taken advantage of in a motion in arrest of judgment.

The Supreme Court will not interfere with the rulings of the trial judge relating to the argument and conduct of counsel in the trial of cases.

The trial judge instructs the jury as to the law applicable to the case, and if an erroneous statement of the law has been made by counsel, it can be corrected, and the law applicable to the case given in his charge by the trial judge. If he fails to do so, the party complaining has his remedy by asking for special instructions, and if refused, the reserving of a bill.

A PPEAL from the Eleventh Judicial District Court for the Parish of St. Landry. *Perrault, J.*

---

*M. J. Cunningham*, Attorney General, and *E. B. DuBuisson*, District Attorney, for Plaintiff, Appellee.

---

*C. F. Garland* for Defendants, Appellants.

Argued and submitted January 25, 1896.
Opinion handed down February 10, 1896.
Rehearing refused March 23, 1896.

The opinion of the court was delivered by

McENERY, J.   The defendants were convicted of murder and sentenced to be executed.

There was a motion in arrest of judgment filed on the ground of the incapacity and incompetency of a juror who participated in the finding of the indictment.

There is nothing on the face of the record to show this fact, and evidence *dehors* the record must be produced to prove the incompetency of the juror.   The motion was properly overruled, as the incompetency of a juror can not be taken advantage of by a motion in arrest of judgment.   State vs. McGee, 36 An. 207; State vs. Griffin, 38 An. 502; State vs. Miller, 38 An. 158; State vs. Pete, 39 An. 1095; State vs. Crawford, 32 An. 526; State vs. Green, 42 An. 644.

The bill of exception, which was reserved on the part of William Chevis only, recites that the District Attorney argued to the jury "that the failure of the defendant, William Chevis, to testify in his own behalf was proof positive of the truth of the matters and things that had been testified to by the witnesses against him;" that he objected to said agreement, but the objection was overruled by the court, etc.   The statement of the court gives the following reasons for overruling the objection, viz. :

"This court made no such absurd ruling as this bill charges.   The prosecuting attorney did not argue to the jury that the failure of the accused, William Chevis, to testify was a presumption against him, but replying to the argument of counsel for the defendant stated to the jury that a certain fact alluded to by counsel for the defence had been shown to have been peculiarly within the knowledge of defendant, William Chevis, and that if the jury did not know more about it it was because the said defendant had not chosen to make it known to the jury, and that the rule of law was that evidence which was shown to have been peculiarly within the knowledge or under the control of a litigant, if not produced, was to be construed against said litigant.   Counsel for the accused (thereupon) objected on the ground that the failure of the accused to testify was not to

·be construed for or against him. The court, declining to interfere at that time, stated to the jury that they would be fully instructed in the premises when the time came for the court to charge them. 'The District Attorney thereupon desisted from further argument upon the point, except to state to the jury that counsel for the defence was correct as to the principle that the failure of the accused to testify was not to be construed against him, but that the State should not be charged with failure to establish a fact which the evidence showed to be peculiarly within the knowledge of the defendant. And the court, in its charge to the jury, broadly instructed them that the right of an accused to testify was a privilege which the law accorded to him, and which he had a right to exercise or not, as he saw fit; if he testified, he subjected himself to all the rules which applied to other witnesses, and that his failure to testify, if he chose not to do so, was not to be construed for or against him."

There is a wide divergence of opinion as to the facts between defendant's counsel and the trial judge. We will, in accordance with the uniform rulings of this court, accept the statement of the trial judge. From this statement it appears that the District Attorney, when his argument was objected to by defendant's counsel, instantly corrected the same, and stated that the defendant's counsel was correct in his statement; but that the State could not be charged with the failure to establish a fact which the evidence showed to be precisely within the knowledge of defendant. There can be no legal objection to the latter part of the statement, as the prosecution could not be requested to do an impossible thing—prove that which was beyond its power.

But the difference as to the facts between counsel and judge has little or no influence in the determination of the issues involved. We have announced in several cases that we will not interfere with the rulings of the trial judge relating to the argument and conduct of counsel in the trial of cases. State vs. Anderson and Blackstone, 45 An. 654.

The jury are controlled by the judge's instructions on the law, and not what is stated by counsel.

If the indiscreet utterances of counsel as to the law are objectionable to the opposite party, the remedy is to ask for special instructions in case the points at issue are not covered by the general charge. If refused a bill can be taken and the charge reviewed by this court.

37

The defendants have no cause to complain. It is true the trial judge declined to interfere at the time his intervention was invoked, but the District Attorney immediately corrected his statement, and this was all that could have been done by the order of the trial judge. If the judge had instantly corrected the statement of the District Attorney, the accused could not have complained. Where, then, is the cause of complaint, when the District Attorney, on his own motion, corrects his statement and removes from the minds of the jury the impressions which his argument may have made upon them?

Judgment affirmed.