LAND, J., dissents, for reasons stated in the original opinion of the court.

(37 South. 545.)

No. 15,399.

STATE v. RASBERRY.

(Dec. 5, 1904.)

JURORS—EXEMPTIONS—CHALLENGES—ARRAIGNMENT—WAIVER.

1. Under the express provisions of Act No. 135 of 1898, p. 217, the exemption of jurors is personal, and when not claimed furnishes no sufficient cause for challenging the person exempt under the provisions of the statute.

2. In case of a felony punishable necessarily at hard labor, the accused, being present in open court, may waive arraignment and plead not guilty. Such waiver is binding on the accused, and in case of conviction cannot be assigned as error.

(Syllabus by the Court.)

Appeal from Third Judicial District Court, Parish of Claiborne; Benjamin P. Edwards, Judge.

N. J. Rasberry was convicted of intimidating a witness, and appeals. Affirmed.

Enos Howard McClendon, for appellant. Walker Guion, Atty. Gen., and John C. Theus, Dist. Atty. (Lewis Guion, of counsel), for the State.

LAND, J. Defendant was indicted under section 880 of the Revised Statutes of 1870 for preventing, by threats, force, intimidation, and persuasion, a certain witness from appearing and testifying against him before the grand jury on a charge of retailing spirituous liquor without a license.

Defendant was tried before a jury, found guilty as charged, and sentenced to imprisonment in the state penitentiary for two years. He has appealed, and for reversal depends on a motion in arrest of judgment which was overruled in the lower court.

Counsel for defendant, in his brief filed in this court, sets forth two grounds of complaint, which will be considered in their order:

1. That the trial judge would not let him prove that a member of the grand jury which presented the bill against him was at the time of his selection and service a member of the parish school board, and therefore incompetent to serve.

Counsel submits this point to the court without argument. It is bad, because under Act No. 135 of 1898, p. 217, the exemption is personal, and when not claimed is no sufficient cause for challenging the person exempt under the provisions of the statute. See, also, State v. Jackson, 42 La. Ann. 1170, 8 South. 297. Whether good or bad, the objection cannot be urged in a motion in arrest. State v. Chevis, 48 La. Ann. 575, 19 South. 557; State v. White, 52 La. Ann. 206, 26 South. 849.

2. The second and last assignment of error is that "the defendant was not duly arraigned, as required by law, before his trial." The record entry is that "defendant in open court, aided by counsel, E. H. McClendon, Esq., waives arraignment and pleads not guilty."

The contention is that, as the offense charged is a felony necessarily punishable by imprisonment at hard labor in the penitentiary, the accused could not waive the for-

mality of arraignment. In support of this proposition, counsel for defendant has cited a number of the decisions of this court, which we will review in their order. In State v. Lartigue, 6 La. Ann. 404, it was held that an attorney could not plead for the accused on a charge of felony.

In State v. Price, 6 La. Ann. 691, it was held that the accused could waive service of copy of indictment and list of jurors.

In State v. Meekins, 41 La. Ann. 543, 6 South. 822, the accused was duly arraigned and pleaded not guilty.

In State v. Fontenette, 45 La. Ann. 902, 12 South. 937, there was neither arraignment nor plea.

In State v. McMichael, 50 La. Ann. 428, 23 South. 992, it was held that in cases of felony, where the accused was absent, his attorney was without authority to waive arraignment.

Counsel refers to State v. Robinson, 36 La. Ann. 873, "as not in accord with the common law." In that case the court said: "The waiver took the place of an actual arraignment, and, even if it did not operate as an estoppel (1 Bish. C. Prac. 33, 177), the irregularity was cured or regularity restored by the judge commencing de novo, and going over anew what had already been done." It appears that the trial was proceeding, when the discovery was made that the accused had not been arraigned. Whereupon he waived arraignment, entered his plea, and the trial was had anew.

In the case at bar the accused was personally present in open court and pleaded. What he waived was the formal reading of the indictment.

Bishop thus states the law: "Arraignment and plea are in a general way essential to a valid trial and judgment. But as the whole object of this proceeding is to identify the defendant, acquaint him with the accusation, and obtain his plea, any reasonable substitute for what precedes the plea will suffice. Thus, with the consent of the court, he may waive the reading of the indictment; though without waiver it will be read, even when he has been furnished with a copy. If, without arraignment, the prisoner voluntarily tenders his plea and the court accepts it, nothing more is required. Id., New Crim. Prac. 733. See Crain v. U. S., 162 U. S. 643, 16 Sup. Ct. 952, 40 L. Ed. 1097, citing Bishop, supra.

Our conclusion is that the waiver in question is binding on the accused.

Judgment affirmed.