PROVOSTY, J.
[1, 2] The charge in this case being murder, the attorney for accused admitted in his argument to the jury that the accused was guilty of murder, but argued that there were extenuating circumstances, and urged the jury to add to their verdict the qualification “without capital punishment.” In his closing argument the district attorney said to the jury:
“That you can qualify your verdict does not mean that you are to arbitrarily disregard your oath.”
Counsel for accused made objection to that statement as implying that by qualifying their verdict the jury would be disregarding their oaths. Whereupon the district attorney requested the jury to disregard any remark he might have made that was not borne out by the evidence, and added that they were the sole judges of the law and the evidence. If the district attorney meant to imply that by qualifying their verdict the jury would be disregarding their oaths, his law was bad, for the right of the jury to qualify its verdict does not depend upon the case being of a mitigated character; it is an absolute right exercisable at discretion in any case no matter how aggravated; but a verdict is not to be set aside because- the district attorney was wrong in his law. District attorneys have the same right to be wrong in their law that the counsel for accused have; and the records of this court will show that they exercise it, too, just as counsel for accused do. There is nothing opposed to this in the case of State v. Blackman, 108 La. 121, 32 South. 334, 92 Am. St. Rep. 377, cited by the learned counsel for accused. The trouble there was not that the district attorney had laid down the law erroneously, but that he had done it in tei’ms so intemperate as to be calculated to detract from the fairness of the trial.
Judgment affirmed.