(83 South. 791)

No. 23800.

STATE v. FARRIS.

(Feb. 2, 1920.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW ⬤══1166½(8)—ERRONEOUS REFUSAL TO SUSTAIN CHALLENGE FOR CAUSE TO JUROR HARMLESS WHERE PEREMPTORY CHALLENGES WERE NOT EXHAUSTED.

Erroneous refusal of court to sustain challenge to juror for cause was not reversible error, where the juror was challenged peremptorily and the peremptory challenges of the accused were not exhausted.

2. JURY ⬤══103(6)—JUROR WITH FORMED OPINION SHOULD BE EXCUSED UNLESS HIS OPINION WILL YIELD TO EVIDENCE.

Where a juror on his voir dire states that he has formed an opinion, he should be excused, unless on examination by court he states that his opinion will not interfere with his duty to give equal consideration to the evidence, whether consistent or inconsistent with such opinion.

3. HOMICIDE ⬤══199 — PROOF OF· THREATS BY DECEASED INADMISSIBLE IN MITIGATION.

In a prosecution for murder, evidence of prior threats against the accused and of assaults against members of his family is not admissible in evidence in mitigation, the only proper place for such matters being before the board of pardons.

4. HOMICIDE ⬤══190(2)—EVIDENCE OF THREATS INADMISSIBLE ON QUESTION OF SELF-DEFENSE WHERE ACCUSED LAID IN WAIT.

In a homicide case, where there had been no proof of any overt act on the part of the deceased, except the statement of the accused, who in describing the deliberate manner in which he had prepared for and waylaid the deceased with the avowed intention of killing him said that when he accosted and advanced upon the deceased with a shotgun the latter pulled a pistol and fired several shots, accused was clearly the aggressor, and evidence of prior threats against the accused and assaults against members of his family was not admissible to contradict that which was apparently admitted.

5. CRIMINAL LAW ⬤══717, 1144(14) — ARGUMENT OF PROSECUTING ATTORNEY MISSTATING LAW NOT REVERSIBLE.

A statement of the prosecuting attorney, "Gentlemen of the jury, under the accused's own statement you cannot, under the sanctity of your solemn oath, bring in any other verdict except, 'Guilty as charged,'" was merely an erroneous statement of the law, and did not furnish ground for reversal, and it is the duty of the court to give the jury the law of the case, and to charge them that they should take it as given by him, which the appellate court must assume was done.

6. CRIMINAL LAW ⬤══1186(1) — REMAND TO TAKE TESTIMONY ON QUESTION WHETHER COUNSEL OBJECTED AND EXCEPTED TO RULING.

In a homicide case, where accused was convicted and sentenced to be hung, the case will be remanded for the purpose of taking testimony on the point as to whether or not a district attorney stated to a jury, "If you don't hang under this evidence you might as well tear down the courthouse in De Soto parish," and whether or not objection and exception were reserved to the ruling of the court, where the judge's per curiam admits that there was some such language used, but denies that it was objected to, and affidavits on the part of accused made by the clerk of court and accused's counsel state that such statement was made, and that it was objected to, and that a bill was filed and noted as signed, but that the judge did not write in his views until a month afterward.

O'Niell, J., dissenting.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Lucius Farris was convicted of murder, and appeals. Remanded for purpose of taking testimony.

Liverman & Pollock and S. M. Atkinson, all of Mansfield, for appellant.

A. V. Coco, Atty. Gen., and W. M. Lyles, Dist. Atty., of Leesville (T. S. Walmsley, of New Orleans, of counsel), for the State.

DAWKINS, J. Defendant was charged jointly with his brother in an indictment with murder. During the trial a nolle prosequi was entered as to the brother, and defendant was thereafter convicted and sentenced to hang. He appeals and urges the matters set up in the following bills of exceptions as grounds for a reversal.

## Bill of Exceptions No. 1.

[1] A certain venireman, on being questioned on his voir dire, stated that he had formed an opinion of the case, but would disregard what he had heard and try the case according to the law and evidence adduced on the trial. He also stated, somewhat inconsistently with the above, that if two witnesses of equal credibility should testify, the one in accordance with what he had heard and the other to the contrary, he would believe the one whose statements were in accordance with the opinion which he then possessed. The venireman in question was first challenged for cause, and, this not having been sustained, he was challenged peremptorily, and did not serve on the jury. The peremptory challenges of the accused were not exhausted, and hence no injury was done to justify us in annulling the conviction on that score. State v. Breaux, 104 La. 540, 29 South. 222; State v. Woods, 112 La. 617, 36 South. 626.

[2] In such circumstances, the trial court should explain fully to the prospective juror that it is his duty, when accepted as a juror, to try the case exclusively upon the law and evidence given upon the trial, and that he cannot permit anything which he may have heard and any opinion which he may have formed to weigh with him in making up his verdict; and that he should give equal consideration to the evidence, whether consistent or inconsistent with such reports or opinions. If he does not answer that he can and will do this, then he should be excused.

## Bill of Exceptions No. 2.

[3] This bill was reserved to the refusal of the court to permit the proving on the part of the accused of prior threats against the accused and of assaults against members of his family, in mitigation. We know of no law which authorizes the reception of such evidence for the purpose stated. If such were the law, there would never be a case in which proof of this character would not have to be admitted. The proper place for urging these matters is before the board of pardons.

[4] The per curiam shows that there had been no proof of any overt act on the part of the deceased, except the statement of the accused, who, in describing the deliberate manner in which he had prepared for and waylaid the deceased, with the avowed intention of killing him, said that when he accosted and advanced upon the deceased with a shotgun, the latter pulled a pistol and fired several shots. According to this, accused was clearly the aggressor, and the evidence was not admissible to contradict that which was apparently admitted.

## Bill of Exceptions No. 3.

Bill of exceptions No. 3 involves a controversy between counsel for the defendant and the lower judge as to certain remarks alleged to have been made by the district attorney in his closing argument, and to which the defendant's counsel claims to have objected and excepted. According to counsel for accused, the attorney for the state used, first, the following language:

"Gentlemen of the jury under the accused's own statement you cannot, under the sanctity of your solemn oath, bring in any other verdict except, 'Guilty as charged'

—and second:

"If you don't hang under this evidence you might as well tear down the courthouse in De Soto parish."

As to the first statement attributed to the district attorney the per curiam informs us that he added,. "You have the right to bring in any verdict authorized by law." Thus the language, first quoted above and claimed to be objectionable, the judge seems to concede was used; but as to the second, he says:

"The district attorney qualified (something left out) made some such statement as charged in the language, 'If you don't hang,' etc., but the court never heard any objection thereto, and no bill was reserved as the court specifically noted, though counsel did pass the judge's stand and remark in an undertone that the district attorney was going mighty strong."

[5] Taking up the first statement, which is properly presented for our consideration, we find that it amounts to nothing more than an erroneous statement of the law, which we are informed by the court below was later, in a manner, corrected. This does not furnish ground for reversal, since, as stated by us in former cases, the counsel for the state has as much right to err in his law as has counsel for the accused. It is the duty of the court to give the jury the law of the case, and to charge them that they should take it as given by him, which we must assume was done in this case. State v. Bacon, 138 La. 654, 70 South. 572.

[6] With respect to the second statement attributed to the district attorney, counsel for the defendant have filed in this court the affidavits of H. T. Liverman, one of the attorneys for the accused, and of Charles Forshee, the deputy who acted as minute clerk on the trial, seriously contradicting. the per curiam of the court as to what took place. The minutes show that this, together with the other three bills of exceptions, were signed and filed on September 12, 1919, the day on which the accused was sentenced; but the affidavits, including that of the clerk, charge that, when the bills were presented by the counsel for the accused and so filed, the judge had not and did not write his per curiam therein, but put them in his pocket, hurried to catch a train, and stated that he would mail them back to the clerk; that they were not received until about the time when the transcript was being completed, a month or more afterwards; that he and the counsel were greatly surprised to find that the judge had denied that a bill had been reserved to this remark of the district attorney, but that the time was so short within which to file the appeal, the transcript was sent on and the affidavits made as to the facts. These affidavits tend to establish that the language charged was used and objected to. They also indicate that the counsel for the accused asked the court to stop the district attorney and have the clerk take down the objectionable matter, but this was declined, and the judge said that he himself would make a note of the bill, and that the counsel thereupon wrote it down and used it as the basis of the bill presented two days later.

The per curiam admits that there was some such language used as indicated above, but denies that it was objected to.

In these circumstances, the whole matter appears to have been so irregularly and improperly handled as to warrant us in sending the case back, being a capital one, for the purpose of ascertaining as far as possible just what took place. Of course, strictly speaking, when the judge refused to have the language taken down and the objection noted (if so requested by the counsel), counsel should have excepted to that action on the part of the court, but if the facts charged in the affidavit with respect to the other objection be true, he would probably have met with the same result.

We are very reluctant to remand a case under such circumstances, when the judge's per curiam does not sustain the contention of counsel for the accused; but, in view of

the charge, which appears to be sustained by the clerk, that the judge had this bill filed and noted as signed, but as a matter of fact did not write in his views until a month afterwards, when he should have done so before filing, we feel constrained to make an exception and send it back for the purpose indicated.

We will not at this time pass upon the effect of such a bill, if we should later find that the objection and exception were made, but feel that we are justified in pursuing our present course by State v. Blackman, 108 La. 121, 32 South. 334, 92 Am. St. Rep. 377.

For the reasons assigned this case is remanded for the purpose of taking testimony on the point as to whether or not the disputed statement was made, and, if so, as to whether or not objection and exception were reserved to the ruling of the court.

See dissenting opinion of O'NIELL, J., 83 South. 793.