FREY WHOLESALE GROCERY CO.

                    VS                              No. 8191.

COCINO & SONS,
                    Appellant.

January 16th, 1922.

FREY WHOLESALE GROCERY CO.

VS

No. 8191.

COCINO & SONS,
Appellant.

CHARLES F. CLAIBORNE, JUDGE.

Plaintiff and defendants claim damages from each other resulting from a collision of their automobiles.

As is usual in such cases there is conflict in the testimony, each placing the fault on the other. The undisputed facts however are that the plaintiff was driving his car on the right side of Dumaine Street going towards the River; that on Dumaine Street there is a street car track. The defendant was driving a truck down Dorgenois Street going towards Esplanade Avenue. When the plaintiff reached the corner of Dumaine and Dorgenois Street, he saw the truck coming down Dorgenois Street. It was too late for him to stop, and in order to avoid the collision, as he thought, he veered to the left. The truck did not stop, but continued on its course; when it was struck by the automobile. The plaintiff says it was struck on the car track; the defendant says that it was only after he had reached the lower side of Dumaine Street. It is evident that if it was the duty of neither the one nor the other to yield the right of way to the other, it was a case of mutual fault or negligence for which neither could recover. But if it was the duty of one to yield to the other, and he did not do so, then he violated his duty, he committed a fault, for which he must suffer the consequences. The City of New Orleans has adopted since August 7th, 1918, Ordinance No. 5181 known as the "traffic ordinance"

"regulating the manner of use on the public streets and thoroughfares of the City of New Orleans of carts, drays, wagons, omnibuses, automobiles, motorcycles, and every

315

description of carriages kept for hire or livery purposes, or soliciting or transacting business thereon, or kept for private use &c".

Section 8 of Article I of said ordinance provides: "Right of way: Vehicles traveling on the following streets have the right of way over vehicles approaching on intersecting streets, namely: (then follow the names of certain streets) and also all other streets with street car tracks. Vehicles approaching above streets and avenues from intersecting streets shall, before crossing or turning into same, come to a full stop".

In view of the great and increasing number of automobiles, and of the danger of injury to person and property resulting from collisions, it is the evident duty of courts to enforce the ordinance as the inflexible rule of conduct for drivers of such vehicles, to secure protection to person and property. Each driver of an automobile has a right to drive his machine in accordance with the rules laid down in the traffic ordinance, and has also the right to presume that the driver of another machine will obey the ordinance and drive in accordance therewith. When the plaintiff on Dumaine Street, saw the truck coming down Dorgenois Street, he had a right to presume that the truck, in the language of the ordinance, would "come to a full stop", and thus give him the right of way. But the defendant did not do so; he only diminished his speed, and not much at that, for he ran across Dumaine Street, a distance of at least fifty feet, after he saw, or should have seen, the plaintiff. But it seems that the defendants were intent upon watching the possible approach of a street car on their right in the direction of the River, rather than anticipating any vehicle on their left. It was not plaintiff's duty to stop. Taken by surprise, he swerved to the left in the hope of averting a collision. There is no certainty that if he had continued a

straight course along Dumaine Street that he would have avoided the truck, - as defendant contends. 145 La. 334; 50 A. 441; 113 La. 663; 139 La. 253; 539; 25 A. 235.

The judge of the trial court was of the opinion that the defendants had violated the traffic **ordinance** and held them liable for the damages, and we agree with him.

Judgment affirmed.

January 16th, 1922.