(91 South. 518)

No. 24988.

### STATE v. ROGERS.

(Jan. 2, 1922. Rehearing Granted Jan. 30, 1922. On Motion to Dismiss, Feb. 27, 1922. On Rehearing on Motion to Dismiss, April 22, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** &#9756;1090(11) — **Judgment reversed, without bill of exceptions, when illegality of proceedings appears on the record.**

Though no bill of exceptions was reserved raising the question, the judgment will be reversed, where it is apparent on the record that

the proceedings were illegal, because the trial was commenced and completed on October 12, declared a nonjudicial day, by Act No. 167 of 1918, as amended and re-enacted by Act No. 121 of 1920.

**2. Holidays ⬅︎5—Criminal trial cannot commence on holiday.**

Under Act No. 6 of 1904, making it lawful to proceed on a holiday with the trial of a case commenced by the impaneling of a jury or the taking of evidence before the holiday intervened, a criminal trial cannot be commenced on a holiday.

*On Motion to Dismiss Appeal.*

**3. Criminal law ⬅︎1181 — Court cannot accept affidavit as proof on motion to dismiss, but must remand case for taking of testimony.**

Under Const. 1921, art. 7, § 10, the Supreme Court has original jurisdiction to determine only questions of fact affecting its appellate jurisdiction, and cannot act on an affidavit asserting, in support of a motion to dismiss, that defendant is a fugitive from justice, but must remand the case for the taking of testimony.

O'Niell, J., dissenting in part.

*On Rehearing on Motion to Dismiss.*

**4. Criminal law ⬅︎1131 (5)—Appeal dismissed, when defendant has broken jail and is fugitive from justice.**

Where accused has broken jail since an appeal was lodged in the Supreme Court, and is a fugitive from justice, the appeal will be dismissed.

Appeal from Thirteenth Judicial District Court, Parish of Grant; J. A. Williams, Judge.

Harry Rogers was convicted of murder, and he appeals. Appeal dismissed on rehearing.

C. H. McCain, of Colfax, for appellant.

A. V. Coco, Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

O'NIELL, J. Appellant was convicted of murder, without capital punishment, and was sentenced to life imprisonment. It is

said in his brief that he relies upon two bills of exception; but we find only one bill in the record, and that bill does not bear the signature of the trial judge.

[1] What is referred to as the second bill of exceptions is said to have been reserved to the overruling of defendant's motion in arrest of judgment. That a bill of exceptions was not reserved, in this instance, is not important, because the minutes of the court show that the trial of the case was illegal, and, in consequence, that the verdict and sentence are null. In other words, the nullity of the proceedings is absolute, and is apparent on the record. The trial was commenced and completed, including the impaneling of the jury and the rendering and recording of the verdict, on the 12th of October, which, according to Act 121 of 1920, amending and re-enacting Act 167 of 1918 is a dies non juridicus, known as "Christopher Columbus Day."

[2] Act 6 of 1904, p. 9, declares that it shall be lawful for the presiding judge to order the trial of a case proceeded with on a holiday (other than a Sunday or Christmas Day), or on a half holiday, and that the proceedings had on a holiday (other than a Sunday or Christmas Day), or on a half holiday, "shall have the same force and effect as though had on a day not a legal holiday or half holiday," provided the trial was commenced by the impaneling of the jury or the taking of evidence before the holiday or half holiday intervened. We infer, therefore, that the lawmakers intended that the trial of a lawsuit, especially a criminal trial, should not be commenced on a day that was set apart as a dies non juridicus; for, unless we assume that the statute was futile, a trial commenced on a judicial day could not have been proceeded with on a nonjudicial day, before the statute was enacted.

It was decided by this court, before the statute of 1904 was enacted, that a verdict

in a criminal case might be received on a legal holiday, provided the trial was ended and the jury had retired before the holiday intervened. State v. Ford, 37 La. Ann. 443; State v. Canty, 41 La. Ann. 588, 6 South. 338; State v. Atkinson, 104 La. 570, 29 South: 279. In each of those cases, however, the ruling was founded upon the statement that the receiving of a verdict was only a ministerial act, as distinguished from a judicial function; from which it follows that a judicial proceeding, as distinguished from a ministerial act, cannot be done on a holiday, except within the limitations prescribed by Act No. 6 of 1904.

The verdict and sentence appealed from are decreed null, and it is ordered that this case be remanded to the district court for a new trial.

On Motion to Dismiss Appeal.

By the WHOLE COURT.

LAND, J. On January 2, 1922, we handed down the opinion and decree in this case. On January 13, 1922, the state, through the Attorney General, applied for a rehearing, and attached to its petition for same an affidavit of the sheriff, stating that the defendant broke jail on November 18, 1921, while his appeal was pending, and has been since said date, and is now, a fugitive from justice, and for this reason the state requests this court to dismiss said appeal.

[3] We granted the rehearing, and the motion to dismiss said appeal is now before us for consideration. However, as we have original jurisdiction to determine only questions of fact affecting our own appellate jurisdiction in cases pending before us, we cannot act upon this affidavit as proof that defendant is a fugitive from justice, but are compelled to remand the case, so that testimony may be taken on this point. Const. 1921, art. 7, § 10; State v. Farris, 146 La. 523, 83 South. 791.

It is therefore ordered that this case be remanded to the lower court for the purpose of taking testimony on the point whether the defendant has become and is now a fugitive from justice, and that such testimony, when taken, be returned to this court for its consideration.

O'NIELL, J., dissents, on the ground that the motion to dismiss the appeal came too late, after the case was decided by this court.

On Rehearing on Motion to Dismiss.

By the WHOLE COURT.

LAND, J. [4] As the testimony taken in the lower court and returned to this court establishes the fact that the accused has broken jail since the appeal has been lodged in this court, and that he is now a fugitive from justice, the motion to dismiss the appeal on this ground is sustained, and it is ordered that the appeal in this case be dismissed.

LECHE and THOMPSON, JJ., take no part.