187 So. 673

## STATE v. SCRUGGS et ux.

### No. 35194.

March 6, 1939.

S. R. Holstein, of Winnsboro, for appellants.

Gaston L. Porterie, Atty. Gen. (David M. Ellison, of Baton Rouge, successor to Mr. Porterie), James O'Connor, First Asst. Atty. Gen., and Jesse C. McGee, Dist. Atty., of Harrisonburg, for the State.

ROGERS, Justice.

The defendants, Vernon Scruggs and May Scruggs; are husband and wife. They were indicted for the larceny of goods of the value of more than $100 and were convicted of larceny of goods of a value less than $100. After verdict and be-

fore sentence, the district attorney filed a bill of information charging the defendants as second-offenders, and due proof having been made of their prior convictions, they were sentenced to serve not less than two years nor more than four years in the state penitentiary. Defendants appealed from their conviction and sentence.

The appeal was submitted to this Court on February 10, 1939, and it now appears that the appellants escaped from the parish jail on or about February 12, 1939, and have become fugitives from justice. The State of Louisiana, through the district attorney, has, therefore, filed a motion to dismiss the appeal.

The facts relating to the appellants' escape from prison and showing that they are fugitives from justice are sustained by the sworn statement of the sheriff of the parish of Catahoula and are not denied.

It is well settled that if a person convicted of a criminal offense appeals and breaks jail and escapes, his appeal will be dismissed. State v. Butler, 132 La. 597, 61 So. 682; State v. Lacroute, 134 La. 3, 63 So. 603; State v. Rogers, 150 La. 1080, 91 So. 518.

The appeal herein is dismissed.

O'NIELL, Chief Justice (dissenting).

The conviction and sentence appealed from in this case are absolutely null because the verdict of the jury did not denote the grade of the offense of which the defendants were found guilty; hence

the judge could not know what sentence he should or might impose. My opinion is that we should either recognize and pronounce the nullity of the conviction and sentence, or remand the case to the district court for a determination of the question whether the defendants have forfeited the right of appeal. If they are fugitives from justice, and if they should be apprehended, they could not be compelled to suffer imprisonment on an invalid conviction and sentence. Their breaking jail and escaping,—if they have broken jail and escaped,—could not validate their conviction or the sentence that has been imposed upon them.