FOURNET, Chief Justice.
Defendants, Ray Lawsen, Elbert Wright, and Ralph Smith prosecute this appeal *514 from their conviction and sentence to serve 25 years at hard labor in the Louisiana State Penitentiary on a bill of information charging them jointly with armed robbery.
All three defendants rely on three alleged errors committed during the course of their trial with Lawsen urging an additional error. A careful study of them convinces us none have any merit with the exception of one to which we will confine our consideration.
In his closing argument the Assistant District Attorney stated in reference to Lawsen, “I tell you gentlemen the reason he didn’t take the stand is because he is an ex-con, and if he had taken the stand * * ” to which counsel for Lawsen objected and thereafter reserved a bill of exception making a part thereof the Assistant District Attorney’s argument when the trial judge overruled the objection; whereupon the Assistant District Attorney continued, “Now to continue gentlemen, I have given you the district attorney’s office’s reason why he did not. You heard as each defense witness came up here I asked him a question, have you been convicted of any crime. Had his client Lawsen, taken the stand I could have asked the same question, you see. * * * Right after you learn that law you learn another principal known as noscitur a sociis. Some people call that birds of a feather flock together. Some people say you are known by the company you keep.” Emphasis ours.
In explaining his ruling in overruling the objection of defense counsel, the trial judge relates in his per curiam that the prosecutor had a right to his explanation of why the defendant did not take the stand since the attention of the jury had been directed to that fact by defense counsel in his argument, to-wit:
“Now we were very careful when we were choosing the jury that each of you understood clearly that the defendants do not have to take the stand in their own behalf. Now you might wonder why doesn’t a defendant, if the defendant is innocent, why doesn’t he get up here and tell the jury I am innocent and I wasn’t there and all that. The reason he doesn’t get up here is because those defendants are not learned people; they haven’t been to high school and college. This man is a college man, this man is a clever man, this man can twist theirs words, can scare them and upset them and make what they say sound like something they didn’t say. That’s why the law says the defendant does not have to get up and allow himself to be ridiculed and persecuted on the stand by a District Attorney, and that’s why.we did not put our defendants on the stand, and, of course, all of you clearly understood and the Judge explained it to you that that has nothing whatsoever to do, you can give no implication, you can give no weight, no consideration, to the fact that he did not take the *516 stand. In fact the District Attorney must prove his case without the help of any persons he may arrest and accuse and he .the defendant in a case.”
Under the provisions of Article 1, Section 11 of the Louisiana Constitution of 1921,[1] and under the well settled jurisprudence, a comment by the prosecution with respect to the failure of the accused to take the stand constitutes reversible error. See State v. Bentley, 219 La. 893, 54 So.2d 137, for the historical development and importance of this rule. The State, however, in reliance upon State v. Cascio, 219 La. 819, 54 So.2d 95 and State v. Sharbino, 194 La. 709, 194 So. 756, contends that it is proper for the prosecution to make a retaliatory argument when the matter of defendant not having taken the stand was advanced by defense counsel.
A study of the cases relied upon by the State are not controlling here. While this court held in the Cascio case, in a well reasoned opinion, that a statement by the prosecutor in his closing argument in answer to what has been said in prior argument by defendant’s counsel, though otherwise improper, affords no ground for reversal, provided it is a necessary and reasonable explanation. However, the author was careful in restricting this answer, pointing out in a footnote this was in accord with the prior holding in State v. Brice, 163 La. 392, 111 So. 798, in which it was held the argument in answer to remarks of defense counsel infringing upon constitutional rights could not be justified under any circumstances.[2]
The remarks of the Assistant District Attorney that the defendant Lawsen was an ex-convict was not only highly improper but neither necessary nor reasonable. The remarks were clearly unresponsive to defense counsel’s comments and is not a fact that could be deduced from any evidence to be found in the record. Furthermore, we think the prejudicial effect of these remarks was aggravated by the Assistant District Attorney’s statement following the ruling of the trial judge that “I have given you the district attorney’s office’s reason why he did not,” thereby placing the weight of his office in support of his conclusion. See State v. Borde, 209 La. 905, 25 So.2d 736; State v. Davis, 246 La. 383, 164 So.2d 589; State v. Sercovich, 246 La. 503, 165 So.2d 301.
*518 The bill reserved to the remarks of the Assistant District Attorney, while only attributed to Lawsen, must be considered as reserved on behalf of all the defendants in accordance with the provisions of R.S. 15 :501.[3] We think this most appropriate in view of the remarks of the Assistant District Attorney following the ruling of the trial judge quoted above.
For the reasons assigned the conviction and sentence are set aside and this case is remanded for a new trial in accordance with law.
HAWTHORNE, J., dissents in part with written reasons.
McCALEB, J., dissents in part being in agreement with the views of HAWTHORNE, J.

. Art. 1, Sec. 11, La.Const, of 1921 — “No person shall be compelled to give evidence against liimself in a criminal case or in any proceeding that may subject him to criminal prosecution.”

. In a concurring opinion in State v. Hoover, 219 La. 872, 54 So.2d 180, Justice McCaleb points out that it was his holding in State v. Cascio that the defendant cannot complain of improper remarks when they are provoked by, and made in answer to, comments of his counsel, “provided that they are not of such a nature as to infringe upon defendant’s constitutional rights.”

. R.S. 15:501, now Code of Criminal Procedure, Art. 842, provides, “Whenever a bill of exceptions has been reserved in any criminal proceeding in which more than one defendant is on trial, it shall be presumed, unless the contrary clearly appear, that the bill has been reserved by all the defendants on trial.”