215 So.2d 828

**STATE of Louisiana**

**v.**

**Hilton SHILOW.**

No. 49194.

Nov. 12, 1968.

Rehearing Denied Dec. 16, 1968.

William N. Knight, John W. Hebert, Jennings, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Bernard N. Marcantel, Dist. Atty., Alfred R. Ryder, Asst. Dist. Atty., for appellee.

SANDERS, Justice.

The Grand Jury of Jefferson Davis Parish indicted Hilton Shilow for aggravated rape. After trial, the Jury returned a verdict of guilty without capital punishment. The trial judge then sentenced him to life imprisonment. He has appealed, relying upon five of the bills of exceptions reserved at the trial.

BILL OF EXCEPTIONS NO. 3

The defendant reserved Bill of Exceptions No. 3 to the overruling of his motion to quash the indictment, the general venire, and the grand jury venire on the ground the general venire and grand jury were improperly constituted. The motion alleged that the jury commissioners violated defendant's rights under the fifth, sixth, and fourteenth amendments of the United States Constitution in the following respects:

"1. In selecting and constituting the General Venire List, the Jury Commissioners failed to have a fair representation of significant and identifiable racial, economic, religious social, educational and other elements which are present in Jefferson Davis Parish, Louisiana.

"2. The Jury Commissioners failed to inform themselves of the significant and identifiable racial, economic, religious, sociological, educational and other elements which are present in Jefferson Davis Parish, Louisiana."

Thus, the defendant alleges a discriminatory administration of the jury system. This allegation raises a factual question, and the burden of establishing discriminatory practices rests upon the defendant. Fay v. New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043; State v. Barksdale, 247 La. 198, 170 So.2d 374, cert. denied 382 U.S. 921, 86 S.Ct. 297, 15 L.Ed.2d 236; State v. Mack, 243 La. 369, 144 So.2d 363, cert. denied 373 U.S. 917, 83 S.Ct. 1306, 10 L.Ed.2d 416.

Defendant called as witnesses three members of the Jury Commission, including the Clerk of Court. The State and defense stipulated to the testimony of the remaining members.

The testimony shows that the grand jurors who indicted the defendant and the petit jurors who convicted him were drawn by lot from a general venire of 350 names. The Commissioners formed the general venire from names taken from the voters' list, supplemented by others secured from personal acquaintance or other sources. The defendant made no showing that the 350 names in the venire were unrepresentative of the racial, economic, religious, socio-

logical, and educational elements in the parish.

The evidence refutes the charge of discriminatory selection. The evidence convinces us, as it did the trial judge, that the jury bodies were fairly constituted.

We conclude the Bill of Exceptions is without merit.

## BILLS OF EXCEPTIONS
## NOS. 21, 22, and 23

The defendant reserved these Bills of Exceptions to the following statements made by the District Attorney during closing argument:

"There's no other evidence in this record as to where Hilton Shilow was between 10 or 10:30 when he was at the Lanternlight Inn and 4:00 o'clock when he went back to Davis's house except that he was at Merlin Dartez's home. You were told, 'Well you had to assume that he came to Jennings'. But I submit to you that it would be more unreasonable to conclude that he could not have come to Jennings than to conclude that he could have come to Jennings, because it would have been a simple matter for him to have caught a ride into Jennings."

\*    \*    \*    \*    \*    \*

"Well, I'll say to the Court that I argue this matter as I understand the law to be, gentlemen. I understand the law to be that if we convince you beyond any reasonable doubts on the evidence—in other words, if we put in sufficient proof to convince you from the evidence that this man is guilty, then the burden of proof shifts—"

\*    \*    \*    \*    \*    \*

"Sure we carry the burden of proof, but when we prove it, that burden of proof shifts. In other words, to put it to you another way, gentlemen, the law certainly doesn't prevent the defendant from presenting any evidence if he desires to do so."

■ The basis of the Bills is that the District Attorney's statements amount to a comment on defendant's failure to testify, requiring reversal. The defendant relies upon Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106; Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705; and State v. Wright, 251 La. 511, 205 So.2d 381.

Article 770 of the Louisiana Code of Criminal Procedure provides:

"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:

\*    \*    \*    \*    \*    \*

"(3) The failure of the defendant to testify in his own defense;

\*    \*    \*    \*    \*    \*

"An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."

The question raised is whether or not the District Attorney's statements refer directly or indirectly to the failure of the defendant to testify. We think not.

Defense evidence, of course, may consist of the testimony of witnesses other than defendant, as well as demonstrative, or tangible, evidence. Hence, a statement that the State's evidence is uncontradicted is no reference to defendant's failure to testify. State v. Simpson, 247 La. 883, 175 So.2d 255, cert. denied 384 U.S. 1014, 86 S.Ct. 1945, 16 L.Ed.2d 1035; State v. Bentley, 219 La. 893, 54 So.2d 137; State v. Lewis, 156 La. 985, 101 So. 386.

■ It is true the District Attorney's assertion that the burden of proof shifts is an erroneous statement of law. But the trial judge duly instructed the jury to accept and to apply the law as given by the court. See LSA–C.Cr.P. Art. 802. As to the burden of proof, the judge correctly charged:

"The defendant in this case, as in every criminal case, is presumed innocent until his guilt is established by the State by competent evidence to your satisfaction and beyond a reasonable doubt. This presumption of innocence follows the accused throughout the trial, and unless and until it is successfully overcome by the State, you cannot convict the defendant. In other words, gentlemen, the State is required to prove the defendant guilty beyond a reasonable doubt. The defendant in a criminal case is not required to prove anything."

Under the circumstances, the District Attorney's erroneous statement of law provides no ground for disturbing the conviction. See State v. Stickney, 167 La. 1050, 120 So. 853; State v. Farris, 146 La. 523, 83 So. 791; State v. Bacon, 138 La. 654, 70 So. 572; and State v. Chevis, 48 La. Ann. 575, 19 So. 557.

## BILL OF EXCEPTIONS NO. 27

The defendant reserved this Bill to that portion of the trial judge's charge to the jury explaining the possible verdicts, in which he stated:

"If your verdict should be 'guilty as charged without capital punishment', this court can impose no other penalty than to sentence the accused to serve the remainder of his natural life in the penitentiary of this State, *subject to such commutation as is allowed by law*." (Italics ours.)

The defendant complains of the words "subject to such commutation as is allowed

by law." He argues that the reference to commutation is reversible error, because it reminded the jury that if it returned a verdict of guilty without capital punishment, the defendant would not necessarily serve a full life sentence.

The State asserts the general reference to commutation was neither improper nor prejudicial. It points out that the written list of responsive verdicts given to the jury, under Article 809 of the Louisiana Code of Criminal Procedure, contained no reference to commutation.

■ Under Louisiana law, upon an unqualified verdict of guilty in a capital case, the trial judge must impose a death sentence. When, however, the jury qualifies the verdict by the words "without capital punishment," the trial judge must impose life imprisonment. LSA–C.Cr.P. Art. 817.

■ Assuming *arguendo* the instruction was improper, it could be so only because it tended to predispose the jury to a capital verdict because of their awareness that a qualified verdict would not assure a full life sentence. Hence, under the circumstances of this case, no prejudice resulted. Despite the reference to commutation in the judge's charge, the jury did return a verdict of guilty without capital punishment, permitting a sentence of life imprisonment. See State v. Satcher, 124 La. 1015, 50 So. 835.

Article 921 of the Louisiana Code of Criminal Procedure provides:

"A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right."

Hence, the Bill of Exceptions must fail.

For the reasons assigned, the conviction and sentence are affirmed.