297 So.2d 413 (1974)
STATE of Louisiana
v.
Kester Lee HALL.
No. 54502.
Supreme Court of Louisiana.
July 1, 1974.
*414 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., plaintiff-appellee.
Denis A. Barry, II, New Orleans, defendant-appellant.
SANDERS, Chief Justice.
The defendant, Kester Lee Hall, after being tried and convicted of armed robbery, was sentenced to imprisonment for 198 years, as a multiple offender.
On November 14, 1973, some seven years after his conviction, defendant was granted an out-of-time appeal by the district court in a habeas corpus proceeding. Defendant now relies on several bills of exceptions for reversal of his conviction and sentence. Finding merit in defendant's Bill of Exceptions No. 5, we find it unnecessary to consider the remaining bills.
During rebuttal argument, the Assistant District Attorney made the following statement to the jury:
"Would he have killed one of those persons? I'm sure he is the type of person that would. The type of person who would jump up in a courtroom, and yell at a police officer when he hadn't even taken the stand."
The defense counsel moved for a mistrial, on the ground that the Assistant District Attorney had commented in the presence of the jury upon the defendant's failure to take the stand as a witness. The trial judge overruled the motion, and defense counsel reserved a bill of exceptions.
*415 Article 770 of the Louisiana Code of Criminal Procedure provides:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:

. . . . . .
"(3) The failure of the defendant to testify in his own defense; or

. . . . . .
"An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
Under this article, upon a defense motion, a mistrial is required when the district attorney in the presence of the jury refers to the failure of the defendant to testify. See State v. Cryer, 262 La. 575, 263 So.2d 895 (1972); State v. Wright, 251 La. 511, 205 So.2d 381 (1967).
The article is designed to protect the defendant's privilege against self-incrimination. See LSA-Const. Article 1, Section 11; State v. Wright, supra.
In Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, rehearing denied 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed. 2d 730 (1965), the United States Supreme Court accorded the ban against such a comment constitutional status under the Fifth and Fourteenth Amendments of the United States Constitution.
The statement of the Assistant District Attorney clearly alludes to the failure of the defendant to take the stand as a witness in his own defense. The State argues, however, that the prefatory language shows that the primary aim of the Assistant District Attorney was to comment upon the defendant's courtroom decorum and that the casual reference to defendant's failure to testify was blurred and insufficient to constitute error. We find no merit in this argument. Although joined with other language, the comment focused the attention of the jury on defendant's failure to appear as a witness.
Finally, the State argues that, if error was committed, it was harmless under Article 921 of the Louisiana Code of Criminal Procedure, in that it is unreasonable to assume that it contributed to the conviction. We are not permitted to speculate on what effect this prohibited comment had on the jury. Article 770 provides that "Upon motion of a defendant, a mistrial shall be ordered ..." A mistrial is mandatory. LSA-C.Cr.P. Art. 5; State v. Guillot, La., 277 So.2d 146 (1973).
We hold, therefore, that the trial judge erred in denying the mistrial.
For the reasons assigned, the conviction and sentence are reversed and the case is remanded to the Criminal District Court for the Parish of Orleans for a new trial.