375 So.2d 94 (1979)
STATE of Louisiana
v.
Pascal J. MARCELLO.
No. 63606.
Supreme Court of Louisiana.
September 4, 1979.
Rehearing Denied October 8, 1979.
Dissenting Opinion October 12, 1979.
George L. Gillespie, Jr., Metairie, Arthur A. Lemann, III, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Ronald P. Loumiet, George Mustakas, II, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
BLANCHE, Justice.
Defendant, Pascal J. Marcello, was charged by a bill of information with pandering in violation of LSA-R.S. 14:84. Upon trial by a six-person jury, the defendant was found guilty as charged. Because we find one assignment of error will result in a remand of the case for a new trial, we have not considered the other assignments.
In Assignment No. 7, the defendant contends that the trial court erred in not ordering a mistrial as requested by the defense when the prosecution in its closing arguments referred to the defendant's failure to testify in his own behalf. The argument giving rise to the prosecutor's remarks was provoked by defendant's counsel when he argued to the jury as follows:
MR. GILLESPIE: I can't expend my energy. So I saved it for you tonight to tell it the way it is. And I want you to give my man every benefit of a reasonable doubt. Remember, this man, and he asked the doctor the question; if you'd had a rap sheet, I couldn't put the man on the stand because the man has been ill, and the man is unnot the greatest educated man in the world. He's worked restaurants all his life. But he got his chance to put the evidence in. You know that he had a record. And the doctor answered him. He got the record in this thing is that he had a bar, and one of the . . .
In this connection, it should be explained that the defendant put on evidence of the defendant's good character from a friend who was a doctor and during the course of *95 this witness' testimony on cross-examination, he stated that he had known the defendant to have been involved with the law on some whiskey deal. Hence, counsel's above remark to the jury concerning the defendant's rap sheet.
When it came the prosecution's time to argue, he countered the defense attorney's remarks in the following manner:
"Did he prove anything? Mr. Marcello didn't take the stand. He told you quite candidly, he didn't take the stand. And he suggests to you all kinds of reasons that he didn't take the stand. What is the obvious reason that Mr. Marcello didn't take the stand? Because then, I've got the right to ask him questions."
Article 770 of the Louisiana Code of Criminal Procedure requires this Court to grant a mistrial upon a defense motion when the prosecution during the trial or in argument refers directly or indirectly to the failure of the defendant to testify in his own behalf. An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
Admittedly, the district attorney's comment here was a retort. It followed a statement by defendant's counsel which had already drawn the jury's attention to defendant's not taking the stand. In this respect, however, the case is somewhat similar to State v. Wright, 251 La. 511, 205 So.2d 381 which involved a situation in which defense counsel first focused the jury's attention on defendant's not taking the stand and the reason therefor. Defense counsel told the jury that defendant hadn't taken the stand because among other reasons, he wasn't very learned and was subject to being confused by the more articulate and educated prosecutor. The state's retort was that defendant hadn't taken the stand because if he had done so, the state would have been able to ask him if he had been convicted of any crime. (Emphasis ours). The court held these remarks as neither necessary or reasonable to answer the defense comments and that they constituted reversible error.
The Fifth Amendment of the United States accords an accused the right to remain silent and bars adverse comment by a prosecutor for his failure to take the witness stand. Its purpose is to insure that no person shall be a witness against himself. It prohibits the "inquisitorial system of criminal justice." See Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Nevertheless, the Supreme Court in Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973, held that a prosecutor's comment that the state's evidence was "unrefuted" and "uncontradicted" did not violate the constitutional prohibitions of the Fifth and Fourteenth Amendments when the accused's own counsel had clearly focused the jury's attention to the accused's silence, first by outlining her contemplated defense in his opening statement and second, by stating to the court and jury near the close of the case, that the accused would be the "next witness". Thus, it seems clear to this writer that the Federal jurisprudence does not consider that the Fifth Amendment rights of the defendant have been violated when the defendant by his own words and actions has invited the court's and jury's attention to the fact of the defendant's failure to take the stand. But our inquiry does not stop here, for, as noted above, the proscription of LSA-C. Cr.P. art. 770 is mandatory. For re-emphasis, the statute is quoted in pertinent part as follows:
"Art. 770. Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the . . . district attorney . . . during the trial or argument, refers directly or indirectly to:. . .
(3) [F]ailure of defendant to testify in his own defense.
. . . . .
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. . . ."
*96 Although analagous, the Wright case, supra, was tried before the adoption of Article 770, and that court did not consider this statutory provision.
However, Justice Summers, now Chief Justice of this Court, did consider C.Cr.P. art. 770 in a case where the defendant's counsel repeatedly attempted to elicit statements made by the defendant to other persons. There, the state's attorney objected saying:
". . . Again, my objection is based on the fact that this is hearsay, that the defense is attempting to get into evidence and get in statements made by the defense. . . without having to put the defendant on the stand . . ." (State v. Johnson, 345 So.2d 14, at 16).
Thus, we have a case where the prosecutor's comments were seemingly necessary to prevent the accused from getting into the record his own testimony through others, but the Court, nevertheless, reversed the conviction as a graphic example of a substantial violation of a statutory right. Justice Summers, now Chief Justice of this Court, states:
"It suffices to say at this time that the rule of law is clearly stated in Article 770 of the Code of Criminal Procedure, and there is a general recognition and acceptance of the wisdom of the rule. A defendant is granted constitutional protection against self incrimination, which means that he cannot be compelled to give evidence against himself. La.Const. art. 1, § 16 (1974). An accused is not considered to be a competent witness at his trial unless he requests the right to testify. La.Rev.Stat. 15:461. These rights would be hollow indeed if the silence they protect was allowed to be used against the accused by the State's attorney.
"The comment in this case is a graphic example of a substantial violation of a statutory right, and article 770 mandates that a mistrial be ordered when such a remark is made. La.Code Crim.Proc. art. 921. An admonition to the jury to disregard the remark or comment shall not, in the plain language of Article 770, be sufficient to prevent a mistrial." (345 So.2d at 17-18).
As Article 770 specifically directs that a mistrial be granted when the prosecution refers directly or indirectly to defendant's failure to testify, the trial judge was required to grant the motion, and his refusal to do so constituted reversible error.
For these reasons, the conviction is reversed, the sentence is set aside, and the case is remanded for a new trial.[1]
REVERSED AND REMANDED.
SUMMERS, C. J., dissents. State v. Johnson, 345 So.2d 14 (La.1977) is not dispositive. The case is distinguishable.
MARCUS, J., dissents and assigns reasons.
DENNIS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I do not believe that the prosecutor's closing remarks in this case fall within the prohibition of La.Code Crim.P. art. 770. Defendant's own counsel clearly focused the jury's attention on his failure to take the stand and testify in his own defense by stating to the court and jury during closing argument that: "I couldn't put the man on the stand because the man has been ill, and the man is . . . not the greatest educated man in the world." The prosecutor simply responded by stating that, if defendant had taken the stand: "then, I've got the right to ask him questions." When viewed against this background, it is clear that the prosecutor's closing remark was simply a fair and reasonable response to the argument made by defendant. Cf. Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). As such, the clear effect of the majority opinion is to "tie the hands" of the *97 prosecution by denying it the right to make a necessary, reasonable and responsive reply to defendant's argument. I consider that State v. Wright, 251 La. 511, 205 So.2d 381 (1968), and State v. Johnson, 345 So.2d 14 (La.1977), are distinguishable on their facts from the instant case. Accordingly, I respectfully dissent.
DENNIS, Justice, dissenting.
I respectfully dissent.
In this case the defendant's attorney in closing argument told the jury that the defendant had not taken the stand because of his illness. When the prosecuting attorney argued in rebuttal that the true reason the defendant did not testify was to avoid cross-examination, the defendant objected and moved unsuccessfully for a mistrial.
Article 770 of the Louisiana Code of Criminal Procedure provides that a mistrial shall be ordered when a comment by the district attorney refers to the failure of the defendant to testify in his own defense. This article establishes a statutory remedy designed to protect the defendant's right to remain silent and right against self-incrimination. U.S.Const. Amend. V; La.Const. Art. 1 § 13. Since the constitutional rights which the remedy is designed to protect are subject to knowing, intelligent and voluntary waiver, Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), it necessarily follows that the remedy is also subject to such a waiver. It seems clear, therefore, that, when the defendant's attorney stood before the jury and referred directly to the failure of the defendant to testify in his own defense, the defendant voluntarily, knowingly and intelligently waived the remedy of a mistrial by injecting the issue of his silence into the closing argument.
Although I do not approve of the prosecuting attorney's resort to self-help, instead of objecting to the defendant's improper argument, under the circumstances his remarks did not require that a mistrial be granted. Article 921 of the Louisiana Code of Criminal Procedure provides the proper standard of appellate review. A judgment or ruling shall not be reversed unless it appears that the error complained of: (1) has probably resulted in a miscarriage of justice; (2) is prejudicial to the substantial rights of the accused; and (3) constitutes a substantial violation of a constitutional or statutory right. The trial court's failure to grant a mistrial because of the prosecutor's remark cannot be construed as prejudicial, and probably did not result in a miscarriage of justice, because defendant's counsel had already called the jury's attention to the defendant's failure to take the stand. The failure to grant a mistrial did not constitute a substantial violation of a constitutional or statutory right because defendant chose to waive the protection of the statutory ban against the prosecutor's reference to his silence by having his attorney deliberately and directly refer to his failure to testify.
NOTES
[1] To this writer, it does not seem proper to reverse this conviction on such tenuous grounds, but if the statute means what it says, then no comment on defendant's failure to take the stand, whether direct or indirect, will be permitted by the prosecution, even though prompted in answer to the defendant's own assertions as to why he did not take the stand.