State vs. Schlessinger.

APPEAL from the Third District Court, Parish of Lincoln. *Young*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*G. L. Gaskins* for Defendant and Appellant.

No. 9721.

THE STATE OF LOUISIANA vs. ERNEST J. SCHLESSINGER.

When the prosecution for perjury is in the same court in which the perjury was committed, it may take judicial cognizance of its own jurisdiction, if the indictment sufficiently sets forth the facts.

Although the materiality of the matter sworn to be not expressly averred, yet if the indictment sets forth the facts from which the materiality appears, that is sufficient.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman*, J.

*M. J. Cunningham*, Attorney General, and *Lionel Adams*, District Attorney, for the State, Appellee: ˙

I.

The question of the jurisdiction of the court is merely a matter of inducement, and according to the universal rule of criminal pleading it will be sufficient either to charge in words that the officer had jurisdiction, or to aver facts from which the jurisdiction would in law appear, both not being required. 2 Bish Cr.˙Proc. §§ 910, 904.

The general rule as to jurisdiction is that nothing shall be intended to be out of the jurisdiction of a superior court but that which specially appears to be ao. Archb. Cr. Pr,

State vs. Schlessinger.

and Pl., 1721. Pomeroy's notes. And if it appear *prima facie* that the court had juris-
diction of the matter, the burden of proving the contrary devolves upon the prisoner.
3 Greenl. on Ev., 185.

Even where the court is an inferior one, if it derives its jurisdiction from a public statute,
it is sufficient to describe the proceeding so as to bring it within the statute; for the
court which tries the perjury must take judicial notice of the jurisdiction. 3 Arch 594.

The Criminal District Court is a superior court vested with general criminal jurisdiction.
An indictment which sets out that issue was joined between the State and certain
defendants on a charge of murder brought against them before the Criminal District
Court in a prosecution duly and regularly apportioned by lot to section B thereof, is a
sufficient averment of facts to authorize judicial notice to be taken of its jurisdiction in
the case.

It is no longer necessary in an indictment of perjury fo set out "bill, answer, information,
indictment, declaration or any part of any record or proceeding;" nor is it necessary to
set out "the commission or authotity of a court or person before whom the perjury was
committed. R. S. 858."

II.

Materiality may be pleaded in one of two ways. It may either be averred on the face of
the indictment that the matter alleged to be false was material, or the pleader may set
out the facts from which its materiality will appear; and the latter is sufficient even
where the bare averment of materiality is defective. 2 Bjsh. Cr. Proc., § 931; 3 Whar.
Cr. Law, § 1304.

The materiality of the matter sworn to must depend upon the state of the cause and the
nature of the question in issue. Rosc. Cr. Ev. 758. If the materiality evidently ap-
pears upon the record, as where the falsehood affects the very circumstance of innocence
or guilt, express allegations of materiality may be omitted. 2 Russel on Crimes, 638;
2 Chit. Cr. Law, 307; Hawk. P. C. b. 1. C. 69. S. 8.

Where, upon a trial for murder, a witness deposes that he was present when the deceased
and the accused met. and saw the deceased fire two shots at one of the accused before
the fire was returned by any of the persons present; and that the first two shots were
fired by the deceased,—the materiality of the evidence appears from the facts and need
not be averred in the indictment.

*Jas. C. Walker* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J.  The defendant appeals from a verdict and sentence for
perjury committed by false swearing as a witness under oath in a cer-
tain case of State of Louisiana vs. T. J. Ford et al., then pending in
the Criminal District Court for the Parish of Orleans.

A motion in arrest of judgment was filed on the grounds:

1st.  It does not appear by the indictment herein, and it is not
alleged, that the Criminal District Court for the Parish of Orleans was
vested with jurisdiction to hear and determine the case of the State of
Louisiana vs. T. J. Ford et al.

2d.  The said indictment does not charge that the facts which the
defendant is therein accused of having falsely sworn to were material,

.I.

Our Section 858 R. S. is a substantial copy of the first section of the English Statute, 23 Geo. 2. See 2d Bishop Cr. Proc. § 901.

The words " averring such court or person to have competent authority to administer the same," have been eliminated from the English law by statute, 14th and 15th Victoria, and under this latter such averment is no longer essential. 2d Bishop Cr. Proc. §§ 901, 902, 914, and notes.

But even under the former statute the courts have held it sufficient, even in absence of express averment, that the jurisdiction and authority should appear. from the facts set out. *Id.* § 914, and authorities.

Now, in the indictment here, it is averred that the cause of the State vs. T. J. Ford et al., which is described to be a trial for a certain murder, etc., was pending before Section B of the Criminal District Court for the Parish of Orleans, to which it had been regularly and duly apportioned by lot, etc. The contention of defendant is that these averments do not establish that the murder charged was committed in the parish of Orleans, and, therefore, omits an essential fact required to vest the court with jurisdiction. But when we consider that the prosecution for perjury was before the same court in which the perjury was committed, and that the cause referred to was in the same court, we think the court is authorized to take judicial cognizance of its own jurisdiction in said cause.

Thus we read in Archbold, that " where an inferior court derives its jurisdiction from a public statute. it is sufficient to describe the proceeding so as to bring it within the statute; for the court, which tries the perjury, will take judicial notice of the jurisdiction." 3 Archbold, 594.

If the court may take judicial notice of anything, surely it may do so of·its own jurisdiction in a case which was pending before itself.

The facts charged are ample to enable the court to determine from the face of the record " whether they are sufficient to support a conviction of the particular crime and to warrant judgment;" and this accomplishes the full object of the requirement. 1 Starkie Cr. Pl. 73; Wharton Cr. Pl. and Pr. § 166; 2 Bishop Cr. Pr. § 904. See on this point: State vs. Newton, 1 Iowa, 160; Com. vs. Knight, 12 Mass. 274; Hallock vs. State, 11 Ohio, 400; People vs. Phelps, 5 Wend. 9.

In criminal matters technicalities are not to be disregarded; but they must be subjected to reasonable restraints and cannot be allowed to reduce the law to a mere " rhapsody of words."

## II.

. Although the materiality of the matter sworn to be not expressly averred, yet if the indictment sets forth the facts from which the materiality appears, that is sufficient. 2 Bishop Cr. Proc. § 931; 2 Wharton Cr. L. § 1304; 2 Russell on Cr. 638; 2 Chitty Cr. L. 307.

This disposes of the point; for it is perfectly clear from the recitals of the indictment that the matter sworn to was material to the issues in the case. It is only by the most strained suppositions that the testimony might have referred to a different encounter between the same parties. that the ingenious counsel of defendant seeks to impugn their materiality.

Judgment affirmed.

