State vs. Grover.

## II.

---

## No. 9734.

### THE STATE OF LOUISIANA VS. GEORGE GROVER.

In an indictment for perjury, it is not essential to charge expressly that the court in which the perjury was committed was of competent jurisdiction, or that the matter sworn to was material, if facts are set forth which justify the inference that the court had *jurisdiction* and that the matter was *material*.

Neither is it essential to state in such an indictment, that the judicial proceeding which was a prosecution for murder and in which the perjury was committed, and which is described specifically, was pending on an indictment found by a grand jury.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman*, J.

---

*M. J. Cunningham*, Attorney General, and *Lionel Adams*, District Attorney, for the State, Appellee:

The action of the trial judge in overruling a motion for new trial, on the ground that the verdict is contrary to the law and the evidence, is not subject to review on appeal. This Court has no jurisdiction in criminal cases, except upon unmixed questions of law.

Any particular fact or circumstance sworn to by a witness to show that an accused on trial had nothing to do with or was not present at the commission of the offense for which he was being tried, was *material* to that issue, and if untrue forms a legal basis for prosecution for perjury.

An indictment for perjury need not set out the indictment or information upon which the trial was had in which the perjury is claimed to have been committed, nor set out in detail all the proceedings in that case. It is sufficient to charge that upon the trial of the case named and designated the perjury was committed.

It is sufficient to aver that the court in which the case was pending had jurisdiction, or to aver facts from which the jurisdiction would in law appear, both not being required. 2 Bish. Cr. Pr. §§ 904, 910.

A statement that the cause was pending in a particular Section of the Criminal Court of the parish of Orleans, to which it had been duly and regularly apportioned by lot, is a sufficient averment of facts from which its jurisdiction does in law appear.

It is sufficient either to allege that the false evidence was material or to aver facts from which its materiality is evident.

State vs. Grover.

When a party is on trial for murder, the evidence of a witness that, at the time of the homi-
cide, the accused was at another place, is material on its face; and its materiality need
not be specially averred in an indictment for perjury in which the evidence is set out;

J. C. Walker and W. L. Evans for Defendant and Appellant:

An indictment for perjury should expressly aver that the court had jurisdiction to hear and
determine the cause wherein it is alleged that the accused swore falsely; or it should
appear conclusively from the nature of the proceedings that such jurisdiction was vested
in the court, in order to enable the appellate court to take judicial notice of the fact.

An indictment for perjury should expressly aver that the matter sworn to and upon which
the perjury is assigned was material, or it should appear conclusively on the face of the
facts set forth in the indictment that the matter sworn to was material.

Where perjury is charged as having been committed by a witness in the course of a trial for
murder, it should appear affirmatively that the proceedings in the murder case were by
indictment found by a grand jury. Const. Art. 5.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The defendant appeals from the verdict and judg-
ment thereon sentencing him on a charge of perjury to three years at
hard labor.

He relies on a motion in arrest, a bill of exception and an assign-
ment of errors which together are based on three grounds :

1.   That the indictment does not expressly aver that the court had
jurisdiction to hear and determine the cause wherein it is alleged the
accused swore falsely, or that from the nature of the proceedings, such
jurisdiction was vested in the court, to enable the appellate court to
take judicial notice of the fact.

2.   That the indictment does not aver that the matter sworn to and
upon which the perjury was committed was material, or does not show
on its face facts showing that the matter sworn to was material.

3.   That the indictment does not affirmatively charge that the judi-
cial proceeding charging the defendant with murder, and in which it is
averred that the perjury was committed, was by *indictment found by a
grand jury*.

I AND II.

The first and second grounds are kindred to those urged for a similar
offense in the case State vs. Schlessinger, recently decided, in which it
was held, *that* in an indictment for perjury, it is not essential that the
authority and jurisdiction of the court administering the oath, should
be expressly averred, if they sufficiently appear from the *facts* set out;
*that* when the presentation for perjury is in the same court in which
the perjury was committed, it may take judicial cognizance of its own
jurisdiction, if the indictment sufficiently sets forth facts and *that*,
though the materiality of the matter sworn to be not expressly averred,

yet if the indictment sets forth the facts from which the materiality appears, that it is sufficient.

For the reasons given in that case, the two grounds stated are untenable.

The indictment against the accused, is full and explicit, that he appeared and was produced as witness in the case of State vs. Thos. J. Ford and others named—"being then and there *charged* with *wilful murder.*"

The Constitution of this State, art. 5, provides that prosecutions for capital crimes, such as murder, shall be by indictment, or presentment of a grand jury.

No charge for willful murder could be pending in the district court against Thos. J. Ford et als. unless preferred by *indictment found by a grand jury.*

These words, if essential, are necessarily, forcibly implied in the word "*charged*" which the indictment contains.

It is worth notice, that the indictment in the present case, distinctly alleges "to which *charge* said Thos. J. Ford and others, and each one pleaded *not guilty*"—issue being thereby formed.

There is no reason to disturb the judgment appealed from, which is affirmed with costs.