(65 South. 898)

No. 20628.

STATE v. WILLIAMS.

(June 8, 1914. Rehearing Denied June 29, 1914.)

*(Syllabus by the Court.)*

1. PERJURY (§ 6*) — WHAT CONSTITUTES — FALSE TESTIMONY BEFORE GRAND JURY.

A bill of indictment will lie, charging perjury, under section 857 of the Revised Statutes, as amended by Act No. 18 of 1888, for alleged false testimony before a grand jury, while engaged in investigating a complaint charging the illicit, or unlawful, sale of intoxicating liquors at a certain place and time designated.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 7–17; Dec. Dig. § 6.*]

2. WORDS AND PHRASES—"ILLICIT."

The word "illicit" has a well-defined meaning. It means unlawful. It has long been used in connection with the unlawful selling of liquors, the unlawful distilling of liquors, unlawful sexual intercourse, etc.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, p. 3390.]

Provosty, J., dissenting.

Appeal from Fourth Judicial District Court, Parish of Lincoln; J. B. Holstead, Judge.

Joe Williams was convicted of perjury, and appeals. Affirmed.

Price & Price, of Ruston, for appellant. R. G. Pleasant, Atty. Gen., and H. B. Warren, Dist. Atty., of Ruston (G. A. Gondran, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Defendant appeals from a verdict and sentence under section

857, Revised Statutes, as amended by Act No. 18, 1888, p. 15, which is as follows:

"Whoever shall willfully and corruptly commit perjury, or shall by any means procure any person to commit corrupt and willful perjury on his oath or affirmation, in any suit, controversy, matter or cause depending in any of the courts of this state, or in any deposition or affidavit taken or made pursuant to its laws, upon conviction shall be imprisoned at hard labor not more than five years."

The bill of indictment is as follows:

"In the name and by the authority of the state of Louisiana, the grand jury duly elected, impaneled, sworn, and charged to inquire in and for the body of the parish of Lincoln, state aforesaid, on their oaths, do present that on the 3d day of March, A. D. 1914, at and in the parish of Lincoln and state aforesaid, Joe Williams did present himself and appear as a witness before the grand jury then duly impaneled, sworn, charged, and in session, to inquire in and for the body of the parish of Lincoln, and then and there before the said grand jury the said Joe Williams did take his corporal oath, administered to him by R. M. Gill, the duly appointed foreman of the said grand jury, he having lawful authority to administer the said oath, and was then by the said R. M. Gill, foreman, as aforesaid, duly sworn to testify the truth touching all matters inquired of him by the said grand jury, whereupon the said grand jury did inquire of him, the said Joe Williams, concerning certain crimes and misdemeanors said to have been committed upon the occasion of a party at the house of Boot Woodard on the 28th day of February, 1914, and particularly concerning the illicit sale of whisky on the said occasion, a matter then under investigation by the aforementioned grand jury, and of which the said grand jury had jurisdiction to inquire, and then it became and was a material question in the said inquiry where and when the said Joe Williams had gotten whisky which he drank upon the said occasion or had drunk shortly prior thereto; and then and thereupon the said Joe Williams before the said grand jury did falsely, maliciously, willfully, wickedly, and corruptly, and by his own proper act and consent, upon his oath aforesaid, depose, swear, and give evidence to the grand jurors aforesaid amongst other things, in substance and to the effect that he had ordered the whisky from a liquor dealer in Monroe, La., on the day (Friday) previous to February 28, 1914, that he had purchased a post office money order on said Friday at the post office at Choudrant from M. E. Kidd, postmaster, for the sum of 75 cents, in favor of the said liquor dealer, and had sent the order for whisky to the said dealer by mail, and that on the said 28th day of February, 1914 (Saturday) he had received the whisky by express at the express office at Choudrant, the quantity thereof being one quart, which was delivered to him by Mr. Culpepper, the railroad and express agent at Choudrant; whereas, in truth and in fact, the said Joe Williams had not ordered the said whisky from a liquor dealer in Monroe, La., on the day previous to February 28, 1914, and had not on said Friday previous to February 28th purchased any money order whatever from the post office, or from the postmaster at Choudrant, and had not and did not receive one quart of whisky, or any other quantity of whisky, by express from the express office at Choudrant on the 28th day of February, 1914, and no whisky whatever was delivered to him on said date by Mr. Culpepper, railroad and express agent at Choudrant; and so, the grand jurors, on their oaths aforesaid, do present that on the day and year aforesaid. before the grand jury aforesaid, the said Joe Williams did falsely, maliciously, willfully, wickedly, in manner and form aforesaid, commit willful and corrupt perjury, contrary to the form of the statutes of the state of Louisiana in such cases made and provided, and against the peace and dignity of the same. * * *"

[1, 2] It will be observed that the statute under which defendant was prosecuted does not define the crime of perjury. It refers to the crime known to the common law, and imposes a penalty upon him who commits it. Defendant urges that perjury may only be committed in a suit depending in one of the courts of the state, and not by the taking of a false oath before a grand jury. In other words, that the taking of a false oath before a grand jury is not a crime under the laws of this state.

A grand jury is clearly one of the branches of the courts of the state; it is authorized by law to have witnesses testify under oath to all matters of inquiry as to all violations of the criminal laws within the parish where it is organized; it is charged with the enforcement of the laws. In the present instance, it was charged with investigating the illicit, or illegal, sale of intoxicating liquors, at the time and place mentioned in the indictment. It should certainly be protected in its investigations against perjury or false testimony. And the language used in the statute covers investigations of crimes by grand juries. Reference is made there,

not only to a pending suit, wherein perjury may be committed, but also to "any controversy, matter or cause depending in any of the courts of this state." The matter of the investigation of the illicit, or unlawful, selling of intoxicating liquors, at the time and place indicated was certainly a matter depending in the district court of Lincoln parish, while it was under investigation by the grand jury.

It is the duty of the grand jury to inquire. They cannot tell in advance of inquiry whether in fact an offense has been committed, or, if committed, who committed it. They can only act upon testimony given under oath by witnesses produced, sworn, and examined before them, or upon legal documentary proof, or upon their own knowledge of the commission of a crime. That perjury may be committed by willfully giving false testimony of a material character before the grand jury is evident.

The illicit sale of intoxicating liquors is an indictable offense. It was the privilege of any citizen to prefer, against Boot Woodard, a charge of illicit selling of intoxicating liquors. It would then be the duty of the grand jury to inquire into the truth of the accusation. The jury may, or may not, find the charge to be true; may or may not find a bill. They may get a portion of the facts from one witness, and all the facts necessary to enable them to form their conclusion from many witnesses. How can that body discharge their duty of inquiring, and true presentment make, unless the witnesses are bound to tell the truth in respect to any matter which the body has the power to investigate? They investigate, call witnesses before them, elicit all the facts, and then determine whether they will find a bill or not. And, if so, for what offense? The state's attorney is then ordered to prepare a bill.

The defendant might be guilty of perjury before the grand jury, though Woodard was innocent of having sold intoxicating liquors unlawfully at the time and place mentioned in the indictment; and even in fact, if no such offense had ever been committed at Woodard's house by any one at all on the occasion referred to.

We are of opinion that under the section of the Revised Statutes 857, the indictment in the case now under consideration was sufficient as respects the objection made to it. State v. Schill, 27 Iowa, 263; Wharton's Crim. Law (9th Ed.) § 1261; People v. Greenwell, 5 Utah, 112, 13 Pac. 89.

In the state of Missouri, where the grand jury was investigating to ascertain whether any police commissioner had been guilty of receiving a bribe, etc., and it was important and material in that investigation to learn if any one engaged in the gambling business had given any money to be delivered to them, or any of them, and the witness, Wakefield, was asked if he had received money for a certain purpose which was intended for one of the commissioners, it was held that:

"So far as this prosecution for perjury is concerned, it does not matter whether the police commissioner or commissioners were guilty or not. The failure to indict them, or one of them, might possibly have been owing to the perjury herein alleged. If one falsely swears on a trial of A. for murder that he saw him shoot the deceased, he is guilty of perjury, although in fact A. was guilty and was convicted of the murder. So, if he had been acquitted, the witness who thus falsely testified would be none the less guilty of perjury. The guilt of one falsely swearing does not depend upon the result of the proceeding in which it occurred; therefore, whether all the links in the chain of circumstantial evidence necessary to its completion are supplied or not, a witness who has sworn falsely in regard to any link is as guilty as if the evidence fully supplied that and all other parts. A criminal charge is proved step by step. The jury was not restricted to Wakefield's testimony to ascertain what he did, or what he intended to do with the money, even if that intention on his part had been material. They may have thought that those facts could be more satisfactorily established by other evidence. What his intention was when he received the money might never have been of any importance in the matter the jury was investigating." State v. Wakefield, 73 Mo. 549.

The next several bills of exceptions are covered by the ruling hereinbefore made.

Defendant asked that the jury be specially charged:

"You must find from the evidence in this case that the false oath the defendant is charged with making was material evidence before the grand jury for the purpose of determining whether some particular person had violated the law."

We have seen that it was unnecessary that any one particular person should have been charged with having violated the law to enable the grand jury to institute an investigation on a charge, so as to determine whether the charge was well-founded or not. That the evidence should have shown that the testimony of the defendant before the grand jury was material to the matter being investigated is undoubted. And the judge so charged. The record discloses that the grand jury was engaged in inquiring into the illicit sale of intoxicating liquors at Woodard's house on a certain occasion, and, while pursuing that investigation, it became important to ascertain whether defendant was present, whether he had been partaking of intoxicating liquors on that occasion or not, and, those facts having been established affirmatively, to ascertain where he obtained such liquors. It was one step in the investigation that might lead to the ascertainment of the truth of the matter being investigated. The grand jury could not know in advance whether any crime had been committed or not. Concerning that fact, it was their duty to inquire. After all, it might turn out that no liquor had been sold at Woodard's house, yet defendant's testimony, given at that inquest, was none the less material for that reason; and, if false, perjury might be assigned on it. Mackin v. People, 115 Ill. 312, 3 N. E. 222.

Defendant bases his motion in arrest of the judgment, in part, on the ground that:

"The allegations do not present an issue showing the materiality of the assigned perjury.

Does not allege that the question as to where defendant got his whisky was a material inquiry to the matter then under investigation by the grand jury. Does not allege that his evidence was material to the inquiry, or to any particular issue then pending."

The indictment specially charges:

"Then it became and was a material question in the said inquiry where and when the said Joe Williams had got his whisky which he drank on the said occasion, or had drunk it shortly prior thereto."

And then follows a statement of the testimony of defendant, which conclusively shows the materiality of that testimony to the matter or cause depending before the grand jury, all "of which the said grand jury had jurisdiction to inquire." There is no error in the rulings of the court.

Judgment affirmed.

PROVOSTY, J., dissents.