No. 27307.

## STATE v. SWEAT.

(Nov. 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬤⇒863(2)—Court's promise to consider recommendation of mercy held not error.**

Court's statement to jury, in reply to their inquiry before verdict, that a recommendation of mercy would not be binding on the court, but that the court would, no doubt, give consideration to such request in passing sentence, *held* not erroneous as a promise of mercy, which will be presumed to have influenced the jury to a verdict of guilty.

159 LA.—25

2. **Criminal law ⬤⇒885—Jury's recommendation of mercy addressed to discretion of court.**

Jury's recommendation of mercy is not binding on trial judge, but is addressed to the sound discretion of court, to be given effect in proper cases.

3. **Perjury ⬤⇒6—Offense includes false testimony before grand jury.**

In view of Rev. St. § 857, as amended by Act No. 18 of 1888, the offense of perjury includes false testimony given before a grand jury engaged in the performance of its duty.

4. **Perjury ⬤⇒19(2)—Indictment charging perjury by false testimony before grand jury held sufficient.**

An indictment alleging that defendant falsely testified before grand jury, while latter was investigating difficulty between defendant's father and another, *held* to sufficiently charge offense of perjury.

5. **Perjury ⬤⇒25(4)—Materiality of false testimony need not be expressly alleged, where necessarily appearing from facts stated.**

Indictment for perjury, consisting of false testimony during grand jury's investigation, need not specifically allege that defendant testified falsely on a matter material to the issue, where the facts from which the materiality appears are set forth in the indictment.

Appeal from Ninth Judicial District Court, Parish of Grant; R. C. Culpepper and L. L. Hooe, Judges.

Frank Sweat was convicted of perjury, and he appeals. Affirmed.

J. W. Ethridge and J. A. Williams, both of Colfax, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

BRUNOT, J. The defendant was indicted, tried, and convicted, and sentenced for the crime of perjury. From the verdict and sentence he appealed.

There are two bills of exception in the record. The first bill was reserved to the overruling of a motion for a new trial, and the

second to the overruling of a motion in arrest of judgment. The motion for a new trial and the bill reserved to the court's ruling thereon are based upon an incident occurring in the presence of the jury, after the case had been submitted, but before the jury had rendered its verdict. The pertinent recitals of the bill of exception follow:

"Be it known and remembered that on the trial of the above numbered and entitled case, after the case had been argued and submitted to the jury, the jury having been in the jury room for an hour or more, not yet arriving at a verdict, the jury appeared before the court for further instructions.

"The judge while giving further instructions, the jury asked the court that, in the event they returned a verdict of guilty as charged, could they ask the mercy of the court. To which the court replied, and among other things said: That, if they did arrive at a verdict of guilty, the court would no doubt consider it," etc.

The district judge takes issue with counsel's statement of facts, and in his per curiam to the bill says:

"The facts are that the jury, after being out a short time, less than an hour, and not yet having rendered their verdict, came into court, and requested to know whether the court would consider it, if they in their verdict should recommend the mercy of the court in passing sentence upon the accused. The court then informed the jury that such a request would not be binding upon the court, as such an expression by the jury is merely surplusage in a verdict. The court stated to the jury, however, that it would no doubt give consideration to such a request in passing sentence."

[1, 2] As to the question the jury asked the court and the court's reply that it would give due consideration to a request for mercy, the recitals in the bill of exception and in the per curiam of the judge are substantially in accord. Counsel contends that the court's statement to the jury was equivalent to a promise that, if a verdict of guilty was rendered, the court would be merciful to the accused, and that this implied promise influenced the jury

to render a verdict of guilty. In the absence of some showing other than counsel's assumption, we think it would require an unwarranted stretch of the imagination for this court to concur in counsel's view. There is no law which binds the court to accede to the recommendations of a jury. As the trial judge has correctly said, such recommendations are mere surplusage. They commend themselves to the sound discretion of the court. A fair and impartial judge invariably considers them, and in proper cases it is the rule to give them effect. This is exactly what the trial judge in the case before us gave the jury to understand that he would do. We do not think there is any merit in the bill.

Counsel's second bill challenges the sufficiency of the indictment upon three grounds, viz.:

First. That the indictment does not charge any offense against the laws of Louisiana.

Second. That the indictment does not charge that the grand jury was investigating any crime or matter when the defendant testified before that body.

Third. That the indictment does not allege that the testimony defendant gave before the grand jury was material to the issue.

[3] The first ground urged by defendant is disposed of by citing section 857, R. S., and State v. Williams, 135 La. 692, 65 So. 898. Section 857, R. S., as amended by Act 18 of 1888, is as follows:

"Whoever shall willfully and corruptly commit perjury, or shall by any means procure any person to commit corrupt and willful perjury on his oath or affirmation, in any suit, controversy, matter or cause depending in any of the courts of this state, or in any deposition or affidavit taken or made pursuant to its laws, upon conviction shall be imprisoned at hard labor not more than five years."

In State v. Williams, 135 La. 692, 65 So. 898, this court said:

"A grand jury is clearly one of the branches of the courts of the state; it is authorized by

law to have witnesses testify under oath to all matters of inquiry as to all violations of the criminal laws within the parish where it is organized; it is charged with the enforcement of the laws. * * * It should certainly be protected in its investigations against perjury or false testimony. And the language used in the statute covers investigation of crimes by grand juries."

[4] The Williams Case, from which we have just quoted, also disposes of defendant's second ground of objection, for in that case this court held that:

"It was unnecessary that any one particular person should have been charged with having violated the law to enable the grand jury to institute an investigation. * * * The grand jury could not know in advance whether any crime had been committed or not."

The same principle is announced in Mackin v. People, 115 Ill. 312, 3 N. E. 222. But, independent of these authorities, the indictment in this case affirmatively alleges that the grand jury was investigating a difficulty between Ed. Sweat, the father of defendant, and Bill Clark, and that defendant falsely testified with reference to that difficulty.

[5] The indictment alleges that defendant testified falsely during the inquiry, upon a material question. Counsel's third contention is that the indictment should have alleged that defendant testified falsely upon a matter material to the issue. In State v. Grover, 38 La. Ann. 567, and State v. Schlessinger, 38 La. Ann. 564, this court held that, although the materiality of what is sworn to is not expressly averred, yet if the facts from which the materiality appears are set forth in the indictment, that is sufficient.

In the indictment before us all of the facts and the testimony given by defendant are set forth in detail, and the materiality of the testimony to the issue is manifest.

Finding no reversible error in the record, the verdict and sentence are affirmed.