TATE, Justice.
The defendant was convicted of the sale of narcotic drugs (marijuana), La.R.S. 40:962 (1951), and sentenced to ten years in the state penitentiary. Although he relies on several bills of exceptions in this appeal, we discuss only Bill of Exception No. 8, because we find the error urged by it warrants reversal.
This bill was perfected as to an erroneous instruction of law given by the trial court. This instruction was added by the court sua sponte and given to the jury without advance notice to counsel, cf. La.Code Crim.P. Art. 801, that it would be given.
The erroneous instruction occurred in this context:
The defendant, a person over 21 years of age, was, if convicted, subject to a mandatory penitentiary sentence of 10 to 50 years, without benefit of parole, probation, or suspension of sentence. La.R.S. 40:981 (2) (1963). Over the objection of the prosecution, our trial brother permitted the defense counsel to include in his argument a reference to this circumstance and to the severity of the sentence.[1]
*335 In an effort then to balance the effectiveness of this argument, our conscientious trial brother sua sponte decided to include in his charge a reference to suspending sentences and probations. He therefore read to the jury La.Code Crim.P. Art. 893, which pertinently provides that the trial court may suspend the sentence in favor of supervised probation in all non-capital felony convictions, “when it appears that the best interest of the public and of the defendant will be served.”
This instruction and statement of law was erroneous. As we decided shortly before the trial below, the special prohibition against parole, suspension, or pardon in narcotic cases is not superceded by Article 893’s provision permitting suspension and probation generally in felony cases. State v. Glantz, 254 La. 306, 223 So.2d 813 (1969).
In the context of the facts and argument of this case, such erroneous instruction was plainly prejudicial. It tended to induce conviction through an erroneous statement of law, in view of the (incorrect) possibility of suspension of sentence and probation. State v. Doucet, 177 La. 63, 147 So. 500 (1933) ; State v. Harville, 170 La. 991, 129 So. 612 (1930); State v. Melvin, 11 La. Ann. 535 (1856). It must also have destroyed the credibility of defense counsel before the jury, in that the trial court in effect stated that counsel had misled it as to the law.
We note that the present instance is to be distinguished from those where a correct statement of the law as to parole, etc., was held to be non-prejudicial, Annotation, Reference to Parole or Pardon, 12 A.L.R.3d 832 (1967), cf. State v. Sweat, 159 La. 769, 106 So. 298 (1925), or where prejudice was held negated where the jury returned a lesser verdict permitting parole, etc., State v. Shilow, 252 La. 1105, 215 So.2d 828 (1968), State v. Satcher, 124 La. 1015, 50 So.835 (1909).
For the reasons assigned, the verdict and sentence are set aside, and this case is remanded for a new trial.
Reversed and remanded.

. This court lias affirmed the refusal of trial judges to give special charges relative to mandatory penitentiary sentences such as that provided by the present statute. State v. Andrus, 250 La. 765, 199 So.2d 867 (1967) ; State v. Green, 244 La. 80, 150 So.2d 571 (1960). The reason given is that the imposition of sentence in non-capital cases is solely for the judge, with the jury’s concern being only to determine the guilt or innocence of the accused.