298 So.2d 807 (1974)
STATE of Louisiana
v.
Larry SYLVESTER.
No. 54297.
Supreme Court of Louisiana.
June 10, 1974.
Rehearings Denied August 30, 1974.
*808 Hugh W. Thistlethwaite, Thistlethwaite & Thistlethwaite, Marion Overton White, Opelousas, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, III, Dist. Atty., Robert Brinkman, First Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Defendant, Larry Sylvester, was indicted by the St. Landry Parish Grand Jury for murder. La.R.S. 14:30. He was tried by jury, convicted and sentenced to life imprisonment at the state penitentiary. Relying on six bills of exceptions, he has appealed to this Court.

Bill 1
During the State's closing argument, and when the prosecutor was on the subject of the authorized verdicts, he said: "If a verdict of manslaughter is returned he (the accused) would then be remanded to the juvenile court, in which case, in all probability, he would be committed to a juvenile *809 detention home and correctional school to be released at age twenty-one." The defense then moved for a mistrial "on the basis of that argument." The motion was denied and this bill was reserved to the ruling. The trial judge did not admonish the jury to disregard the statement; nor did defense counsel request that the jury be admonished.
If the quoted language can be considered as an argument on penalty provision of the crime at issue, it is improper. See State v. Harris, 258 La. 720, 247 So.2d 847 (1971). The language is at best an oblique reference to penalty, which, in the usual case, is attempted by the defense in an effort to obtain a lenient verdict. The thrust of the defense here, however, is prejudice arising from the alleged attempt of the State's attorney to demean and ridicule the law.
Article 770 of the Code of Criminal Procedure[1] enumerates the subject matter of remarks or comments during argument which are prejudicial and furnish a basis for a mistrial. The quoted remarks in this case do not fall within the listed categories. However, Article 771 of the Code[2] permits the judge to grant a new trial when an admonishment is not sufficient and where the remark "might create prejudice against the defendant, or the state, in the mind of the jury." Since no request was made for the judge to admonish the jury but defendant did move for a mistrial, it is on the basis of this latter provision the issue posed by this bill must be decided; the question being: Did the remark create prejudice against the defendant in the mind of the jury which would warrant the granting of a mistrial?
Defense counsel's brief relies principally upon this Court's decision in State v. Johnson, 151 La. 625, 92 So. 139 (1922). At the outset it should be observed that the action of the Court in that case was by a divided Court with two Justices dissenting and two concurring in the result. The decision therefore has little persuasive authority.
In the Johnson Case the assistant district attorney, in effect, as the Court paraphrased his comments, said:
"The law which authorizes the jury to qualify its verdict, is a farce, and means nothing to you as jurors; you should pay no attention to such a law; you should hang the accused, and, if you do not, he will be paroled in a few years and let loose upon society. If you will *810 send him to the gallows, he will be beyond the reach of the board of parole."
In granting a new trial because the trial judge failed to admonish the jury, the Johnson Court found that the prejudicial effect of the district attorney's comment consisted of "his personal opinion that the law which authorized a qualified verdict was a farce and meant nothing." This comment, the Court found, "transcended the bounds of legitimate and proper argument."
Nothing approaching the remarks in the Johnson Case is present in the case at bar. The Johnson Case has, moreover, been distinguished on two occasions involving factual situations similar to those present here. In State v. Edwards, 155 La. 305, 99 So. 229 (1923), the defendant was tried for murder and found guilty without capital punishment. An attorney employed to assist the prosecution made the following remarks in closing argument:
"Gentlemen of the jury, there are (is one of) four verdicts that you may return in this case: Guilty as charged, which would mean that the defendant would be sent to the gallows; guilty as charged without capital punishment, which, while it would mean the sentencing of the defendant to the penitentiary for his natural life, really only means that he would have to serve about 15 years at most."
On objection by counsel for the defendant, "the Court charged the jury to pay no attention to remarks of counsel outside the record, and that at the proper time he would charge the law applicable to the case." In distinguishing the Johnson Case the Court said:
"In that case the attorney stated to the jury that the law which authorized the jury to qualify its verdict was a farce, and the jury was appealed to disregard it and send the accused to the gallows....
"In this case there was no prejudicial error in the remarks of counsel, but, if there were, the error was not such as could not be and was not cured by the charge of the judge."
In the case at bar it is important to note at this point that the trial judge did charge the jury at the trial's conclusion that they were not to resort to extraneous facts or circumstances in reaching a verdict, that they were the sole judges of the law and facts, and the different verdicts they could reach were specified. These instructions have the effect of curing any impropriety (for we find no prejudice) in the remarks of the District Attorney.
Again in State v. West, 173 La. 974, 139 So. 304 (1932), this Court declined to apply the ruling in State v. Johnson to a remark by the District Attorney that if the defendant "should be convicted of manslaughter he could cause said conviction to be set aside and be dealt with as a juvenile and sent to some theoretical reformatory." Finding the argument nonprejudicial the Court observed, "This argument, of course, should not be interspersed with intimations or statements, tending to cast ridicule or reproach upon the law, designed to bring about an erroneous verdict," citing State v. Johnson upon which the defense relied.
If the remark of the State's attorney in the case at bar could be considered improper, the impropriety was not such as to render it either prejudicial or sufficiently harmful to warrant the granting of a new trial. Mistrial is a drastic remedy to be sparingly granted. State v. Clouatre, 262 La. 651, 264 So.2d 595 (1972). It was, instead, harmless error in any event. La.Code Crim.Proc. art. 921. Appeals are not granted merely to test the correctness of the trial judge's ruling, but only to rectify any injury caused thereby. State v. Saia, 212 La. 868, 33 So.2d 665 (1947). Here the trial event which is claimed to be irregular obviously had no significant bearing upon the outcome, for *811 the jury did not impose the most severe verdict, that is, guilty without parole, probation or suspension of sentence. Thus, to reverse this conviction would be to do so on a technicality. There has been no departure from a constitutional norm or a specific mandate of the legislature.
This bill has no merit.

Bill 2
Prior to trial defendant filed a motion to quash in which he alleged that Negroes had been systematically excluded from the grand and petit jury venire as well as from the jury commission. The trial judge denied the motion and this bill was reserved.
Allegations of racial onesidedness within the jury commission are of no moment. The jury commission makes no inquiry into the guilt or innocence of the accused. State v. Copeland, 255 La. 91, 229 So.2d 710 (1969). Additionally, defendant has disclosed no prejudice attributable to the racial composition of that body.
Allegations of systematic exclusion in the grand and petit jury venires are likewise without merit. Testimony adduced at the hearing on the motion to quash established that the general venire in St. Landry Parish is composed of names gathered from the voter registration rolls and from the telephone directory without regard to racea procedure held not inherently prejudicial and not violative of constitutional rights. See State v. Jack, 285 So.2d 204 (La.1973) and the authorities cited therein. Defendant has admitted that Negroes served on the panel which indicted him; the trial judge in his per curiam states that five blacks served on the jury which convicted defendant.
There is no merit to this bill.

Bills 4 and 5
These bills were reserved when the trial judge overruled objections to the introduction into evidence of a written confession made by the defendant.
The defendant, a fifteen-year-old youth, was arrested at approximately 3:00 p.m. on January 30, 1973. He was taken to the St. Landry Parish district attorney's office where the Miranda warnings were given. The defendant stated that he understood the warnings and did not want a lawyer. Interrogation was begun and continued for 30 to 45 minutes. He was then taken to a doctor's office for an examination. After the examination the accused was returned to the district attorney's office where a warrant to search his home was secured. The authorities accompanied by the defendant went to his home and searched the premises. The accused was then taken to city hall and a written confession timed at 10:10 p.m. was obtained.
Defendant contends that his age, the length of the period of interrogation and the failure to obtain the presence of his mother after request renders his confession involuntary and inadmissible.
The age of the defendant does not of itself render a confession involuntary. Cf. State v. Edwards, 257 La. 707, 243 So. 2d 806 (1971); State v. Green, 282 So.2d 461 (1973).
We do not find that the length of the interrogation was excessive, nor is there any indication that the questioning was done in an abusive manner.
The record does not support defendant's contention that he was denied access to his mother. There is evidence that the accused was allowed to make telephone calls shortly after his arrest and that during the course of one of the calls, he spoke to someone he called "mother"; that she was at her home when the defendant was brought there while it was being searched, and that she was at the place where the accused was being questioned. There is no evidence that the defendant's mother was denied access to her son or that the interrogation continued after the defendant requested *812 that it cease until he could consult with his mother or another adult.
The rulings of the trial judge were correct. These bills lack merit.

Bill 6
This bill pertains to the denial of defendant's motion for a mistrial made when the trial court permitted the prosecution to read the defendant's confession to the jury over objection.
Having found that the confession was free and voluntary and obtained with due regard for the constitutional rights of the defendant and thus admissible in evidence, the defendant could not have been prejudiced by this ruling.
This bill lacks merit.

Bill 9
This bill was reserved to the denial by the trial judge of a motion for a new trial based upon the defense assertion that there was no evidence to support the guilty verdict.
We have reviewed the record and find ample evidence to support every element of the crime for which the defendant was convicted.
This bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
TATE, J., assigns concurring reasons.
DIXON, J., concurs. The jury is entitled to know the penalty.
BARHAM, J., dissents for reasons to be assigned.
TATE, Justice (concurring).
The function of a judicial opinion is to present a law-principled explanation for the court's opinion. The affirmance of this conviction presents troubling questions, in view of long-settled prior jurisprudence and the underlying law-reasons which seem to indicate reversal. Although ultimately I concur, at least for the present, I do not think we can affirm without meeting the law-issues squarely presented by this prior jurisprudence's apparent application to the present case.
Contrary to prior jurisprudence (as will be noted more fully), we do not disapprove of the prosecutor's argument, timely objected to, which in effect called for the jury to convict of murder (punishable by life imprisonment) by pointing out that, if instead convicted of manslaughter, this 15-year-old juvenile defendant would merely be sent to a reformatory until he was 21. Yet, while not disapproving this argument of the prosecutor to the jury for it to convict of a higher responsive verdict (to prevent the defendant from receiving a lesser responsive verdict), this court has in the past forbidden resort to similar arguments by the defense to the jury (for it either to acquit or else to convict of a lesser responsive verdict, because of the severity of the punishment if the jury finds the defendant guilty of a higher responsive verdict), State v. Harris, 258 La. 720, 247 So.2d 847 (1971).
Further, the uniform and long-standing jurisprudence of this court has been that neither argument of the prosecutor, nor instructions of the court, may refer to sentencing regulations, such as the possibilities of parole, pardon, or sentence to juvenile reformatory, under circumstances that tend to influence the jury towards finding the defendant guilty of a higher responsive verdict. Resort by the government to such arguments or instructions based on sentence regulations are regarded as unduly and improperly inducing conviction of the individual before the court and as not forming part of "the law applicable to the case", La.C.Cr.P. arts. 774, 802, to which argument of counsel and instructions of the court are restricted by statute.
*813 See: State v. Banks, 258 La. 332, 246 So.2d 191 (1971); State v. Shilow, 252 La. 1105, 215 So.2d 828 (1968); State v. Smith, 216 La. 1041, 45 So.2d 617 (1950); State v. Doucet, 177 La. 63, 147 So. 500 (1933); State v. West, 173 La. 974, 139 So. 304 (1932); State v. Edwards, 155 La. 305, 99 So. 229 (1924); State v. Johnson, 151 La. 625, 92 So. 139 (1922); State v. Melvin, 11 La.Ann. 535 (1856). See also: State v. Harville, 170 La. 991, 129 So. 612 (1930); State v. Blackman, 108 La. 121, 32 So. 334 (1902). Also: 5 Wharton's Criminal Law and Procedure, Section 2088 (Anderson ed., 1957); Annotation, 13 A.L.R.3d 832 (1967); Annotation, 44 A.L.R.2d 978 (1955); Annotation, 95 A.L.R. 566 (1935).
Error so made may not be regarded as reversible, it is true, if (1) there is prompt curative instruction, upon objection made (State v. West, above), (2) the prosecutor withdraws or suitably qualifies the statement (State v. West), (3) no objection was made, so as to give the trial judge a chance to correct, and the prosecutor to withdraw, the statement (State v. Smith), or (4) the defendant is in fact found guilty of the lesser verdict against which the argument was directed, so no prejudice is shown by the improper argument or instruction (State v. Shilow and State v. Edwards). See 5 Wharton's Criminal Law and Evidence, Section 2088 (Anderson ed., 1957).
None of the above, except possibly (1), apply. I am influenced for the time to concur on a finding that such applies (i. e., (1) above), since the court's immediate cautionary instruction somewhat deprecated the prosecutor's argument. However, under past jurisprudence, the court's cautionary instruction should have been more explicit and should have had the effect of causing the prosecutor to withdraw the implied suggestion that the jury convict of the greater offense because of the minimal penalty on the lesser. Nevertheless, in view of the general fairness of the prosecution, and in view of the circumstance that the offhand unimpassioned remark of the prosecutor was factual rather than argumentative, I can for the present live with the majority's alternative conclusion that the remark may have been harmless under the circumstances of this case.
What is especially troubling about the majority's affirmance, however is that it does not attempt to reconcile the law-principles applied in this case, with those applied in State v. Harris, 258 La. 720, 247 So. 2d 847 (1971). That decision disallowed arguments by the defense such as the present, as prohibited by La.C.Cr.P. art. 774, as going beyond "the law applicable to the case." Nor does our present majority attempt to consider the effect of the present holding on the correctness of our first or ultimate decision in State v. Blackwell, La., 298 So.2d 798 (Docket No. 53,405, decided March 29, 1974; rehearing granted, and now submitted after argument on rehearing).
On initial opinion, Blackwell held, correctly in my opinion, that "the law applicable to the case" includes the entire criminal statute upon which the prosecution is based, including the penalty provision thereof. Any strict construction of "the law applicable to the case" should, it seems to me, encompass the entire statute which the defendant is charged with violating.
Nevertheless, as the prior law has held, Blackwell noted that the details of the sentencing regulation statutes extraneous to the law the defendant is charged with violating (such as provisions relating to parole, pardon, commutation, double good time, reformatory instead of prison, the first offender correctional institute, etc.) are not part of the law applicable to the case. Further, charging or argument as to such regulations in detail will involve lengthy excursions away from the issue of guilt or innocence, as well as invite reversible error due to inadequacies in instruction concerning such ever-changing and multi-detailed regulations, see, e. g., State v. Banks, 258 La. 332, 246 So.2d 191 (1971).
*814 A law-reasoned disposition of this appeal should attempt to reconcile the present holding with the law principles in the decisions cited. I respectfully suggest that the majority's articulation of the reasons for disregarding this bill of exceptions does not fully do so. A square holding that the argument was error and that the error was corrected by the cautionary instruction and was harmless might have done so; but to affirm, without disapproving and without attempting reconciliation with the cited jurisprudence, is not adequate to do so.
Despite these troubling reservations whether there is adequate support in prior jurisprudence for disregarding the error raised, I ultimately concur, for the reasons noted.
DIXON, Justice (concurring).
I concur in this opinion.
In its treatment of Bill No. 1, the majority holds that it was not reversible error for the district attorney to argue to the jury the penalty involved in one of the responsive verdicts.
In State v. Harris, 258 La. 720, 247 So. 2d 847 (1971), we held that it was not error when the trial court prevented defense counsel arguing to the jury the nature of the penalty for armed robbery. Today's opinion is contrary to State v. Harris, supra, which we have effectively overruled.
BARHAM, Justice (dissenting).
On first hearing in State v. Blackwell, No. 53,405 on our docket, 298 So.2d 798, we held that the penalty stated within a criminal statute is part of the law to be given to the jury. We specifically stated, however, that any mention of penalty must stay within the confines of the criminal statute; therefore, no indication could be made of the possibility of parole, pardon, probation, suspension of good time which came from other sources of the law. In State v. Blackwell, on rehearing, the Court has held that the penalty is not a part of the law to be charged to the jury.
It necessarily follows that comment upon extraneous matters which affect penalty are not a part of the law under either holding. I am of the opinion that the district attorney's argument to the jury that a verdict of manslaughter, instead of a verdict of murder, would result in the defendant being committed to a correctional school to be released at age 21 is prejudicial reversible error. It is an unwarranted comment upon the penalty not included within the law charging the crime. The comment was calculated to force the jury into a harsh verdict regardless of the facts and circumstances of the case.
I respectfully dissent.
NOTES
[1] La.Code Crim.Proc. art. 770 provides:

"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
"(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
"(3) The failure of the defendant to testify in his own defense; or
"(4) The refusal of the judge to direct a verdict.
"An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
[2] La.Code Crim.Proc. art. 771 provides:

"In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
"(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
"(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
"In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial."