362 So.2d 516 (1978)
STATE of Louisiana
v.
Jimmy Earl MAY.
No. 61543.
Supreme Court of Louisiana.
September 5, 1978.
John G. Williams, Natchitoches, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James Lynn Davis, Dist. Atty., E. L. Edwards, Jr., Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Defendant Jimmy Earl May was charged as a principal to the crime of aggravated criminal damage to property. La.Rev.Stat. 14:55. After trial by a jury of six, defendant was found guilty and sentenced to imprisonment at hard labor for ten years. Three assignments of error are relied upon for reversal of defendant's conviction and sentence.
*517 Assignment 1 Evidence at the trial disclosed that defendant was the driver of an automobile occupied by himself and one Doyle Remedies on the night of June 18, 1977. As defendant drove past a house owned by John S. Pickett and occupied by Dennis Griffiths and his family, Remedies fired two shotgun blasts at the house. The automobile, gun and shells belonged to defendant May.
On the day set for trial, while the prospective jurors of the venire were seated in the courtroom awaiting examination on voir dire and selection, the trial judge entertained and granted a motion by the State's attorney to set aside the fixing of another case against the defendant May, involving a charge of possession of a controlled and dangerous substance with intent to distribute, which had also been scheduled for trial that day. Defense counsel moved for a mistrial contending that the motion of the State's attorney to upset the fixing in the narcotics case was a reference to "[a]nother crime committed or alleged to have been committed by the defendant as to which evidence is not admissible", a ground for mistrial under Article 770 of the Code of Criminal Procedure.[1] The motion was denied by the trial judge because the remarks involved in the motion were not made during the trial of this case charging criminal damage to property nor in the argument as required by Article 770. Voir dire examination and swearing of the prospective jurors were then completed and the trial proceeded.
There is no showing in this record that any of the prospective jurors heard the State's attorney refer to the narcotic charge against defendant. But, assuming that they did hear him, subsequent examination of the jurors on voir dire could have served to enable defense counsel to question them concerning the motion and ascertain from them whether, with that knowledge, they could serve impartially and be guided only by the evidence to be adduced at trial. However, this was not done. Furthermore, as the State's attorney pointed out, the narcotic charge against May had been publicized in the newspapers and was a public record open to inspection by anyone.
Even if the prospective jurors had overheard the motion, the ruling of the trial judge is correct. The motion referring to the narcotic charge was not made during trial. A jury trial commences when the first prospective juror is called for examination. La. Code Crim.Pro. art. 761. As we understand the facts of this case, no prospective juror had yet been called for examination when the motion to set aside the fixing in the narcotics case was made.
There is, moreover, no showing that prejudice resulted to the defendant. State v. Governor, 331 So.2d 443 (La.1976); State v. Sylvester, 298 So.2d 807 (La.1974); State v. Clouatre, 262 La. 651, 264 So.2d 595 (1972). Because a mistrial is a drastic remedy, a strong showing of prejudice is required. This assignment is without merit.
Assignment 2It is the defense contention that the verdict of the jury is erroneous and invalid because there was no evidence that defendant committed any crime.
The record reflects that there was some evidence that defendant participated in the commission of the crime charged. The State's evidence shows that the automobile was owned by defendant. The shotgun was *518 owned by defendant and also the testimony of Remedies, defendant's confederate, is to the effect that defendant was driving the automobile at the time the shooting took place. In addition to Remedies' admission that he shot into the house, photographs introduced in evidence showed the damage caused by the shotgun pellets. It is uncontradicted also that Dennis Griffiths, his wife and infant child were present in the house when the shots were fired at 2:30 in the morning. The child ordinarily slept behind a window penetrated by the shots. However, because of the position of the child's crib on this night, only particles of glass reached the crib.
Aggravated criminal damage to property is defined as "the intentional damaging of any structure, watercraft, or movable, wherein it is foreseeable that a human life might be endangered, by any means other than fire or explosion." La.Rev.Stat. 14:55.
Moreover, all persons concerned in the commission of a crime are principals under the authority of Section 24 of Title 14 of the Revised Statutes whether they directly commit the act constituting the offense, aid and abet its commission, or directly or indirectly counsel or procure another to commit the crime.
According to the definition of the crime and the statute which defines principals under Louisiana law there was ample evidence that defendant May's participation satisfied every element of the crime. Under these circumstances it was not necessary for May to pull the trigger to implicate him and sustain his guilt. This assignment is without merit.
Assignment 3Following the conviction the trial judge ordered a pre-sentence investigation. When the report was received he sentenced defendant to ten years imprisonment at hard labor. Although no objection to the sentence appears from our search of the record, the defense asserts in this assignment of error that such a punishment is cruel and unusual and in violation of both Federal and State Constitutions.
The permissible sentence prescribed by law for aggravated criminal damage to property is imprisonment with or without hard labor for not less than one or more than fifteen years. La.Rev.Stat. 14:55. In the instant case the ten-year sentence at hard labor falls within the permissible ambit of the law.
Also there is no record of a defense objection at the time the sentence was imposed. For this reason this Court cannot entertain this defense contention for the first time on appeal. La. Code Crim.Pro. art. 841; State v. Ledet, 337 So.2d 1126 (La.1976).
For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., concurs.
DENNIS, J., concurs, but disagrees with statements in the opinion indicating that if the prospective jurors had overheard reversals the trial court ruling still would have been correct.
NOTES
[1] La. Code Crim.Pro. art. 770 provides in pertinent part:

"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * * * * *
"An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."